# Cochran *v.* Burdick Bros.

## *Assumpsit.*

(Decided February 8, 1912. Rehearing denied February 4, 1913. 61 South. 29.)

1. *Bills and Notes; Actions; Pleading.*—A special plea that the negotiable instrument sued on is without consideration, is sufficient.

2. *Same; Bona Fide Purchaser; Replication.*—Where the action is by an assignee of a negotiable instrument against the maker, a plea of failure of consideration need not allege that the assignee had notice of such facts when he accepted the note; the plaintiff having the right and being required to show by replication that the note was purchased without such notice.

3. *Pleading; Construction.*—The sufficiency of a plea is to be determined by the facts therein alleged and not with reference to the name given to the plea by the pleader.

4. *Evidence; Parol to Vary Writing.*—The terms of a negotiable instrument given for goods purchased were not varied by an agreement that the goods were purchased, and the note given with the understanding that if the purchaser should realize a certain profit on the goods within a year, the note should be paid; such agreement going to the consideration of the same.

5. *Sales; Validity.*—An agreement between a purchaser and a seller that the notes executed for the goods should be paid only in the event the purchaser should realize a certain profit from the goods within a year from the time of the sale, was not illegal or contrary to public policy.

6. *Same; Action for Price.*—Where the action was on a negotiable instrument for goods purchased and the plea alleged that when the note was executed the parties agreed that the seller would guarantee that within a year the buyer would realize a certain profit

on the goods, and if such profit were not realized, the unsold goods would be taken back by the seller and alleging that such profits were not realized and that the buyer returned the goods to the seller, such plea sufficiently alleged a performance by the buyer so as to relieve him of the obligation to pay the note; the duty being on the payee suing on the note to allege that the goods were not received when returned, if such be the fact.

7. *Appeal and Error; Waiver of Error.*—Where there was no motion for a new trial and the appellant struck from the record his assignments of error for refusing him the affirmative charge and for giving the affirmative charge for appellee, appellant waived his right to complain that the verdict was not supported by the evidence.

8. *Pleading; Demurrer; Sufficiency.*—A plea is to be tested alone by the demurrers interposed thereto, and will not be held bad on grounds not pointed out by demurrer.

APPEAL from Winston Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by J. C. Cochran against Burdick Bros. From a judgment for defendants, plaintiff appeals. Affirmed.

Plea 2 is as follows: "Said instrument sued on is without consideration."

(3) "The consideration of the instrument sued on has failed in this: The instrument sued on was given as a settlement or in consideration of certain goods which the defendant agreed to purchase from the Equitable Manufacturing Company, and the said goods were purchased, and said acceptance given, with the express understanding and agreement that if Burdick Bros. should realize a profit of 33 1/3 per cent. on the amount of the bill so agreed to be purchased within one year from that time, said acceptance should be paid by the defendant, and that is the only condition upon which said instrument should become payable under the agreement then made; and defendant alleges that it did not realize the above-named profit on the amount of said bill."

(4) "There has been an accord and satisfaction of the claim here sued on in this: At the time of the execution

of the instrument sued on, there was an express agreement between the parties that the Equitable Manufacturing Company, to whom said instrument was made payable, would guarantee that within a year from that date defendant would realize a profit of 33 1/3 per cent. on the amount of said bill, and that if said profit was not so realized said goods not sold should be taken up by the Equitable Manufacturing Company. Defendant alleges that such profit was not realized, and that at the end of one year from said date the defendant returned all of said goods to said Equitable Manufacturing Company; wherefore there has been an accord and satisfaction."

(5) "The amount due on said instrument has been fully paid off and satisfied."

JAMES J. RAY, for appellant. Demurrers should have been sustained to pleas 2 and 3, as well as to plea 4.— *Sims v. Herzfield,* 95 Ala. 145; *McAfee v. Glen Mary C. & C. Co.,* 97 Ala. 709; *Powell v. Crawford,* 110 Ala. 294; *Myer v. Black,* 139 Ala. 174; *Light v. Henderson,* 158 Ala. 200. The court erred in admitting the oral agreement, as it seeks to modify, vary or defeat the written instrument.—93 Ala. 405; 94 Ala. 640; 116 Ala. 633; 136 Ala. 648; 142 Ala. 186. An accord and satisfaction is not good unless actually accepted by the creditor.—*Logan v. Austin,* 1 Stew. 476; 73 Ala. 205; *Smith v. Elrod,* 122 Ala. 269; 1 Cyc. 311; 2 Streets Foundation Legal Liability, pp. 88-106. The statute only applies to written releases and receipts, or to written composition or settlement.—*Singleton v. Thomas,* 73 Ala. 205; *Hodge v. Tennessee I. Co.,* 123 Ala. 572. When a contract is reduced to writing, all oral agreements are merged into it.—*Thompson v. Glass,* 136 Ala. 648; *Morningstar v. Querens,* 142 Ala. 186. The obliga-

tion of defendant was similar to that of the maker of a promissory note.—*Capital C. I. Co. v. Quinn,* 73 Ala. 560. On rehearing counsel urges that pleas 3 and 4 were subject to the demurrer interposed on the authority of *Rice v. Gilreath,* 119 Ala. 424, together with former cases cited.

CHENAULT & CHENAULT, for appellee. The complaint was not sufficient as a declaration by an innocent purchaser to cut off defenses and hence, plaintiff was put to his replication and the burden was on him to show want of notice, etc. With this in mind, it appears that plea 2 was a good plea.—*Kolsky v. Enslen,* 103 Ala. 97; *Milligan v. Pollard,* 112 Ala. 465; *Ragsdale v. Gresham,* 141 Ala. 308. Plea 3 was not an attempt to vary or contradict a written agreement, but merely went to the consideration.—*Parker v. Bond,* 121 Ala. 529; *Gillespie v. Hester,* 160 Ala. 444. The instrument sued on was executed prior to the adoption of the negotiable instrument law, and is therefore governed by the laws then in force.—*Lehman-Durr Co. v. Moore,* 93 Ala. 186; *McCormack Co. v. Vaughn,* 130 Ala. 314. With this in view it appears that the court properly sustained demurrers to replications 2, 3 and 4.—*Richards v. Richards,* 98 Ala. 599; *Danner v. Brewer,* 69 Ala. 191; *Goldsby v. Goldsby,* 67 Ala. 560. In any event, the plaintiff had the benefit of these replications under replication A on which issue was joined, and any error was without injury.—149 Ala. 474; 150 Ala. 106; 150 Ala. 159. There is no assignment of error raising the question of the correctness of the court's ruling in giving and refusing the affirmative charge.—*Lehman v. Myer,* 67 Ala. 396.

DE GRAFFENRIED, J.—The only questions presented by this record arose on the pleadings, and it is

to the consideration of those questions that this opinion is addressed.

1. Plea 2 was a special plea, setting up that the instrument sued on "is without consideration." Under our system of pleading, the plea was sufficient.—*Giles v. Williams,* 3 Ala. 316, 37 Am. Dec. 692; *Kolsky v. Enslen,* 103 Ala. 97, 15 South. 558; *Ragsdale v. Gresham,* 141 Ala. 308, 37 South. 367.

2. Treating each count of the complaint as an action by the assignee of a negotiable instrument against its maker, pleas 3 and 4 were not subject to demurrer, because they do not aver that the plaintiff had notice of the defenses set up by them when he acquired the instrument sued on. "Prima facie the pleas, without averment of such notice, presented a good defense, and put it upon plaintiff to reply that it purchased the note in good faith, for value, before maturity, and without notice of the alleged infirmity."—*Ala. Nat. Bank v. Halsey,* 109 Ala. 196, 19 South. 522.

3. The pleas under discussion were not demurred to upon the ground that the contract or agreement set up by the pleas as a defense was not in writing. In our opinion, they were not subject to such ground of demurrer, even if such a ground had been interposed to said pleas. The contract or agreement set up in said pleas does not, in our opinion, vary or contradict the terms of the instrument sued on. They simply set up an agreement going to the consideration of the bill, the subject of the suit.—*Parker v. Bond,* 121 Ala. 529, 25 South. 898; *Gillespie v. Hester,* 160 Ala. 444, 49 South. 580.

4. It may be that plea 3, which is a plea of failure of consideration, sets up a peculiarly improvident contract on the part of the payees of the bill. There is nothing, however, in the pleas indicating that all the

parties were not sui juris or in any way incompetent
to enter into any contract that was pleasing to .them.
There is nothing in the public policy of the state pro-
hibiting such a contract, and it is violative of none of
its penal laws. As was said by this court in the case of
*Couch v. Hutchinson,* 2 Ala. App. 444, 57 South. 75,
present term. "If there is one thing which more than
another public policy requires, it is that men of full age
and competent understanding shall have the utmost lib-
erty of contracting; and that their contracts, when en-
tered into freely and voluntarily, shall be held sacred,
and shall be enforced by courts of justice."—Sir George
Jessel, in *Printing, etc., Co. v. Sampson,* L. R. 19 Eq.
465. Plea 3 was not subject to any of the grounds of
demurrer interposed to it.

5. Plea 4 is a special plea, setting up, in substance,
that the bill or note sued on was given for certain goods
delivered by the payees to the defendants, with the un-
derstanding that the payees "would guarantee that
within a year from that date the defendants would real-
ize a profit of 33 1/3 per cent. on the amount of the
said bill, and that if said profit was not so realized said
goods not sold should be taken up by the payees. De-
fendants allege that such profit was not realized, and
that at the end of one year from said date the defendants
returned all of said goods to the payee." The suffi-
ciency of a plea is not to be determined by what the
pleader calls it, but by the facts set out in the plea as a
defense; and tested by that rule the plea was sufficient.
While the plea does not aver that the payees received or
accepted the goods when they were returned, it states
sufficient facts to show that the defendants performed
all that the contract set up in the plea required of them;
and if they did so they exonerated themselves, regardless
of whether the payees performed their part of the con-

tract by accepting the goods or not.—*Sheppard v. Furniss,* 19 Ala. 760. It seems to us that if the payees, in fact, failed to receive the goods when returned, this matter, with the reasons for so doing, should have been set up in a special replication to the plea. Plea 4 was not subject to the grounds of demurrer interposed to it.

6. We have above discussed all of the assignments of error insisted upon, except the assignment which challenges the action of the court in rendering judgment against the defendants upon the verdict of the jury. The record contains a bill of exceptions, which recites that it contains substantially all of the evidence. It appears that the plaintiff introduced the note sued on and rested his case. The defendants do not appear to have offered any testimony. The plaintiff and the defendants each asked, in writing, the affirmative charge. The court refused to give the affirmative charge requested by the plaintiff, but gave the affirmative charge requested by the defendants. The plaintiff (appellant here) does not assign as error for our consideration the action of the trial court in refusing to give the affirmative charge requested by him, or in giving the affirmative charge requested by the defendants. Neither did the appellant make any objection to the verdict of the jury, or in any way object to the rendition by the court of a judgment upon the verdict. The verdict was responsive to the pleas of the defendants, and the judgment is in the usual and customary form. There was no motion for a new trial, and the appellant for the first time, in this court, complains of said judgment.

The above situation is due, not to any oversight of the appellant, but, as we apprehend, because it was his real purpose to stake his chances of a reversal upon the errors assigned by him on the rulings of the court upon the pleadings, and on the action of the trial court in

rendering judgment upon a verdict which, while responsive to the defendant's pleas, is not shown to have been supported by the evidence in the case.

Conceding that the trial court committed a blunder when, under the undisputed evidence, it charged the jury that if they believed the evidence they must find for the defendants, nevertheless the verdict of the jury was in exact accord with the evidence under the law, as the law was given them in charge by the court. The jury, therefore, followed their plain duty when they returned a verdict in favor of the defendants. The judgment of the court for the defendants, being unobjected to, followed as a matter of course. The appellant properly reserved the right to have the action of the trial court in refusing to give the affirmative charge requested by him, and in giving the affirmative charge requested by the defendants, to the jury reviewed by this court. This he refuses to do by striking from the record the assignments of error presenting those questions. It is therefore our plain duty to disregard everything contained in the bill of exceptions, except that it shows that *no evidence* was offered by the defendants; that the evidence offered by the plaintiff was, if believed, sufficient to have authorized a verdict in his favor for the amount sued for in his complaint; that he made no objection to the verdict rendered by the jury; that the verdict was responsive to the defendants' pleas; and that no objection of any sort was made by appellant to the judgment of the trial court pronounced upon the verdict.

The above being the situation, the appellant has waived his right to complain that the verdict of the jury was not supported by the evidence, and that the judgment was therefore erroneous; and the record, on this subject, presents nothing to us for review.—*Wood-*

*row v. State,* 170 Ala. 87, 54 South. 191; *Jones v. State,* 2 Ala. App. 240, 57 South. 62.

Affirmed.

### ON REHEARING.

PER CURIAM.—On application for rehearing the case of *Rice v. Gilbreath,* 119 Ala. 424, 24 South. 421, is, for the first time in any of the briefs filed in the case, cited, and it is urged upon us by appellant's counsel as an authority against the sufficiency of plea numbered three, referred to in our original opinion. The demurrer here, however, does not raise the point upon which a similar plea was there held bad. The sufficiency of pleas is to be tested alone by the demurrers interposed, and pleas will not be held bad on grounds not pointed out in the demurrer.

Application for rehearing overruled.