### MILLER et al. v. CAMPBELL.
(No. 347.)

(Court of Civil Appeals of Texas. El Paso. Nov. 12, 1914. Rehearing Denied Dec. 3, 1914.)

1. BOUNDARIES (§ 3*)—CALLS FOR CORNER OR LINE—CALL FOR DISTANCE.
    The rule that a call for a corner or line of an adjoining survey controls a call for distance is not of absolute application in all cases.
    [Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. § 3.*]

2. TRIAL (§ 296*)—INSTRUCTIONS — CURE OF ERROR.
    Any error, in an instruction in a boundary case in laying too much weight on the beginning corner of a description, was cured, where another paragraph of the charge expressly stated that no one corner had any greater force or dignity than another.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. APPEAL AND ERROR (§ 882*)—INVITED ERROR—INSTRUCTIONS.
    Error, in an instruction, cannot be complained of on appeal, where invited by plaintiff in error in special charges requested by him.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

4. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.
    Error in the charge is not reversible, under the express provisions of Court of Civil Appeals rule 62a (149 S. W. x), unless it probably caused an improper judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

---

5. TRIAL (§ 240*)—ARGUMENTATIVE INSTRUCTIONS.

A requested charge, which is argumentative, and which, so far as proper, is covered by the main charge, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

6. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF THE EVIDENCE.

A requested charge, which is on the weight of the evidence, and which, so far as proper, is covered by the general charge, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

7. TRIAL (§ 260*) — INSTRUCTIONS — REFUSAL OF INSTRUCTIONS COVERED BY INSTRUCTIONS GIVEN.

It is not error to refuse a requested charge covered by the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

8. APPEAL AND ERROR (§ 690*)—QUESTIONS REVIEWABLE—EXCLUSION OF EVIDENCE—BILL OF EXCEPTION—SUFFICIENCY.

The exclusion of evidence cannot be reviewed on appeal, unless the bill of exception shows that the witnesses would have testified to the facts sought to be proved, but excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. § 690.*]

9. APPEAL AND ERROR (§ 1075*)—QUESTIONS REVIEWABLE — ABANDONMENT OF ASSIGNMENT OF ERROR.

An assignment of error abandoned by plaintiff in error, in open court, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4253; Dec. Dig. § 1075.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Trespass to try title between Charles Miller and another and Ben Campbell. There was a judgment for the latter, and the former bring error. Affirmed.

S. H. Brashear, W. G. Love, and W. J. Armstrong, all of Houston, for plaintiffs in error. Campbell, Sonfield, Sewall & Myer and W. J. Howard, all of Houston, for defendant in error.

HIGGINS, J. This was an action in trespass to try title to a tract of land patented to defendant in error, Campbell, and involved a question of boundary; the issue being the location of the east line of the S. W. Allen survey in Harris county.

The original field notes of the Allen survey called to begin at the northwest corner of John Austin's two league grant; thence north 89 east with Austin's north line at 1,905 varas to stake in prairie, being also the southwest corner of the John W. Lawrence survey; thence north at 110 varas past Lawrence's northwest corner, crossing Montgomery road at 1,185 varas, etc. The Allen was surveyed about 1850. The O. P. Kelton survey lies east of the Allen and north of and adjoining the Austin. It is an older survey than the Allen. The John W. Lawrence was

a survey in conflict with the Kelton, lying across the south end thereof. It was never patented and was abandoned. The west lines of the Lawrence and Kelton were coincident. The southwest corners of the Lawrence and Kelton were likewise coincident. The land claimed and sued for by Campbell was surveyed and patented to him about 1909, and consists of a tract of 50 acres lying north of and adjoining the Austin grant and west of and adjoining the Kelton.

The first and sixth assignments question the sufficiency of the evidence to support the verdict and judgment in Campbell's favor; the contention, in effect, being that the call in the Allen field notes for the southwest corner of the Lawrence (which was likewise the southwest corner of the Kelton) and the northwest corner of the Lawrence (which was on the west line of the Kelton) must control the distance call of 1,905 varas for the south line of the Allen. In other words, the calls for those corners in the Lawrence would place the east line of the Allen at a point coincident with the west line of the Kelton, without regard to the distance call mentioned. If this contention be well founded, it is manifest no vacancy existed between the Allen and Kelton, and the Campbell survey conflicted with the former.

[1] A detailed discussion of the evidence is unnecessary, and we deem it sufficient to say that a careful consideration thereof has led to the conclusion that it was sufficient to warrant the jury in giving controlling effect to the distance call and locating the southeast corner of the Allen 1,905 varas east of the Austin northwest corner. This would leave a vacancy between the Allen and Kelton, which is covered by Campbell's patent. Under certain circumstances, a call for a corner or line of an adjoining survey, as a matter of law, will prevail over and control a call for distance; but it is not a rule of absolute application in all instances, and it is not deemed to be applicable, under the evidence presented by this record. Goodson v. Fitzgerald, 40 'Tex. Civ. App. 619, 90 S. W. 898; Crosby v. Stevenson, 156 S. W. 1110.

[2] Error is assigned to a portion of the court's charge which reads:

"There is no dispute as to where the west line of the Kelton survey is, and you will determine from all the evidence where the northwest corner of the John Austin survey is located, as the survey of Allen begins at that point."

The proposition urged is:

"Where the location of the east line of the Allen survey was in controversy, and there was much evidence of other matters from which its location could be determined, as well as from the northwest corner of the Austin survey, or even regardless of said Austin northwest corner, it was error for the court to single out said location of the northwest corner of the Austin survey and call attention of the jury to the fact that the survey of the Allen begins at that point; the beginning corner being of

no more dignity or importance necessarily than any other corner."

For the sake of argument, it may be conceded that, standing alone, it is subject to the objection urged, but, in such event, it is not an error of a reversible nature for the following reasons:

First. The error was corrected by the fifth paragraph of the charge, which reads: "In this connection, you are instructed, however, that no one corner of any survey has any greater dignity or force than any other corner, and that it is your duty to endeavor from all the evidence admitted before you, whether by witness upon the stand or from depositions or from instruments or copies of instruments or maps offered in evidence (all of which you should consider), to ascertain and follow the footsteps of the original surveyor, so as to determine where he placed the east line of the Allen survey."

[3] Second. The error was invited by plaintiffs in error in special charges 1 and 2, requested by them.

[4] Third. Under the provisions of rule 62a (149 S. W. x), it should not be treated as reversible error. Wells Fargo v. Benjamin, 165 S. W. 120; Railway Co. v. Geary, 169 S. W. 201.

The third, fourth, and fifth assignments, complaining of other portions of the court's charge, are without merit.

Assignments 7 to 16, inclusive, complain of the refusal of various requested special charges. They were all properly refused for reasons which will be briefly indicated.

[5] Charges Nos. 3 and 4, because they were argumentative, and in so far as proper, were covered by the main charge.

Charge No. 5 stated an incorrect proposition of law.

Charge No. 7 was improper, because it treated a distance call as of no force, and in effect was an instruction to wholly disregard the same.

[6] Charge No. 8 was upon the weight of the evidence, and, in so far as proper, was covered by the fifth paragraph of the general charge

Charge No. 10 was argumentative, and the idea which it presents was made obvious by the general charge.

[7] Charges Nos. 11, 12, and 16 were sufficiently covered by the general charge.

Charge No. 13 was upon the weight of the evidence, and embodied an incorrect legal proposition, as applied to the facts in this case.

[8] The seventeenth assignment complains of the exclusion of certain testimony, and is overruled because the proferred testimony was irrelevant and immaterial; and, further, the bills of exception taken to its exclusion do not definitely show that the witnesses would have testified to the facts expected to be proven by them. The action of the trial court in excluding the evidence cannot be reviewed, unless the bill of exception definitely shows that the witnesses would have testified to the facts sought to be proven.

[9] Plaintiffs in error, in open court, announced that their eighteenth assignment of error was abandoned; hence is not considered.

Affirmed.