# O. H. Broun, Jr., Timber Co. *v.* Coleman.

## *Assumpsit.*

(Decided December 17, 1914. 67 South. 243.)

1. *Appeal and Error; Questions Presented; Assignment.*—Where there was judgment against several defendants, the defendant who alone appeals cannot rely upon the failure of the complaint to show that there was more than one defendant sued, where there was no assignment of error on that point, especially if he appeared in the action and filed special pleas.

2. *Same; Record; Striking Pleas.*—Where special pleas were stricken because filed too late, the action of the defendant in having them immediately marked "refiled" did not make them a part of the record, where no leave of court to refile same was obtained, and the court stated that he had already stricken those pleas and would not consider them any further.

3. *Partnership; Actions Against; Special Plea.*—Where a suit against a partnership, and the individual partners is founded upon a note signed by one of them, the execution of the instrument, and its effect as a partnership obligation can only be put in issue by a verified plea, under the provisions of section 3966, Code 1907.

4. *Pleading; Evidence; Applicability to.*—Where a special plea has been properly stricken, the exclusion of evidence, which was admissible only to support the special plea, was not erroneous.

Appeal from Mobile Law and Equity Court.

Heard before Hon. Saffold Berney.

Assumpsit by James L. Coleman against the O. H. Broun, Jr., Timber Company, a partnership, consisting

of O. H. Broun and G. T. Loper. Judgment for plaintiff and defendant Loper alone appeals. Affirmed.

WEBB & McALPINE, for appellant.

R. H. & R. M. SMITH, for appellee.

GARDNER, J.—Suit upon promissory note signed: "O. H. Broun, Jr." The suit was begun by garnishment. The garnishment affidavit set out the name of each defendant as O. H. Broun, Jr., Timber Company, and Olney H. Broun and G. T. Loper, and so also does the bond. The two garnishment writs each show the same, and each contains the further recitation that the O. H. Broun, Jr., Timber Company is a partnership composed of Olney H. Broun, Jr., and G. T. Loper. The complaint seems to be without a caption, and does not name the defendants. There was a formal appearance duly filed by counsel for "all of the defendants," and special pleas were subsequently filed by G. T. Loper, one of which special pleas set up that on the 30th day of October, 1913, the "partnership between O. H. Broun and this defendant was dissolved," etc. The trial was had before the court without a jury, resulting in a verdict against all the defendants, including said G. T. Loper, but not without right of exemptions as to same by said Loper. The appeal is taken by G. T. Loper, who is sole appellant.

(1) The point is made in brief of counsel for appellant that the complaint fails to show there was more than one defendant, although the judgment entry shows judgment against more than one. This insistence can be of no avail to this appellant. There is no assignment of error taking this point, and it seems to have been first raised in brief of counsel on this appeal. In addition to this, appellant appeared and filed special pleas,

as shown by this record, and from the judgment he prosecutes this appeal. Had the question been presented by due assignment of error, we do not wish to be understood as indicating that other parts of the record, as hereinabove shown, could not be looked to for the purpose of identification of the parties in connection with the judgment entry. This it is unnecessary to determine. We cite, however, *Greer & Walker v. Lüpfert-Scales Co.*, 156 Ala. 572, 47 South. 307.

The bill of exceptions in its first recitals shows that the suit was brought upon promissory note against O. H. Broun, Jr., Timber Company, a partnership composed of Olney H. Broun, Jr., and G. T. Loper.

(2) The defendant Loper filed several special pleas. They were stricken from the file on motion of plaintiff because they were filed too late. The first five assignments of error relate to this action of the court, but these assignments are by appellant's counsel expressly waived or abandoned in his brief. Confessedly, therefore, these special pleas were properly stricken.

The bill of exceptions then shows that counsel for appellant immediately again handed said pleas to the clerk and instructed him to mark them refiled, at the same time announcing that said pleas were being refiled. The clerk indorsed on said pleas, "Refiled April 3, 1914," and while they were then being so marked plaintiff's counsel said to the court, "I suppose it is not necessary for me to again move to strike these pleas, as the court has already struck them out on my former motion." To this the court replied, "No, sir; I have already ruled on your motion and struck the pleas, and I do not propose to consider them any further." Counsel for appellant then said he insisted the pleas were in, and that they had been by the clerk refiled, and the court responded that he was satisfied with its ruling, and that,

if the rule meant anything relative to filing pleas, it meant that there was no legal right to file pleas so late. No record entry was made relative to said pleas after the clerk had marked them refiled.

It is here insisted that the special pleas, under these facts, were in and a part of the case. They had been stricken, and evidently correctly so, as the action of the court so striking them is not here insisted upon as error. Clearly these pleas could not again become a part of the case and proper pleading therein unless and until permission of the court was first obtained to that end.

On the contrary, the above statement of the court amounted, in substance, to a declination on the part of the court to permit them to be filed, and clearly, under these circumstances, the mere marking on them "Refiled" by the clerk could not have the effect of restoring them as part of the record after having been stricken by the court.

. We think it quite clear that special pleas were not in the case. Although it seems to be nowhere expressly shown that the cause proceeded to trial upon the plea of the general issue, yet we may concede such was the case.

(3) As above stated, the suit was against the O. H. Broun, Jr., Timber Company, a partnership composed of O. H. Broun, Jr., and G. T. Loper, and against the latter as individuals. The note introduced in evidence purported to be signed: "O. H. Broun, Jr., Timber Co., by O. H. Broun, Jr.," "When a suit against a partnership is founded on an instrument in writing, the due execution of the instrument, and that it is a partnership obligation can be put in issue only by a verified plea."— *Cain Lumber Co. v. Standard Dry Kiln Co.,* 108 Ala. 346, 18 South. 882; *Palmer v. Scott,* 68 Ala. 380; *Goetter, Weil & Co. v. Head,* 70 Ala. 532.

See, also sections 3966, 3967, and 3969, Code, 1907.

[American Tie & Timber Co. v. Naylor Lumber Company.]

(4) As heretofore shown, there were no special pleas on file in this cause. They had been properly stricken. The evidence offered by appellant was such as required for its support special pleas as shown by the above authorities, and the same applies to objection of appellant to introduction of the note. We need not consider the several questions and assignments separately. Indeed, as we read the brief of counsel for appellant, the insistence for error in the ruling of the court as to the evidence rests very largely upon the assumption that the special pleas were in the case and a part of the pleadings. To this contention we have ruled adversely.

The matters sought to be proven being such as were required to be specially pleaded, and there being no special pleas the rulings of the court as to the evidence were proper and, no error appearing, the judgment of the court below is therefore affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.