# Lusk, *et al. v.* Britton.

## Damages for Personal Injuries.

(Decided June 8, 1916.  Rehearing denied December 30, 1916.
73 South. 492.)

1. **Pleading; Construction; Parties.**—The summons is to be looked to in connection with the complaint in determining who are parties to a suit since the complaint follows the summons usually on the same paper and both are served on the defendant at the same time.

2. **Same; Who Are Parties; Complaint.**—Where the summons was directed to certain persons as receivers of a railroad company and the caption of the complaint showed that the action was against such person as receivers of such railroad company the allegation in the complaint, in one count thereof that plaintiff claimed of the defendant a corporation, did not change the entire character of the suit, but the allegation as to the corporation should be treated as surplusage.

3. **Parties; Volunteers.**—The fact that during the trial of an action against the receivers of a railroad company the railroad company itself filed a plea of the general issue did not have the effect of making the railroad a party, since the act was voluntary and could not affect the jurisdiction of the court.

4. **Appeal and Error; Who May Appeal.**—Where a railroad company was not a party to a suit, although it filed a plea of the general issue, assignments of error made by the railroad company should be stricken from the record.

5. **Parties; Amendment; Variance.**—Where the original pleadings showed that the receivers of a railroad were the defendants the allowance of an amendment, withdrawing the original counts and offering new counts against the receivers alone was not error, it being clear that the receivers were the defendants in fact, notwithstanding some of the original counts referred to the railroad as the defendant.

6. **Evidence; Testimony of Physician.**—Where the fact of injury was not disputed and the issues were the negligence of the employer and the extent of the injuries, it was not error to permit a physician who examined the plaintiff some time after the injury to state his conclusion on the facts in the case as to the cause of the pain which plaintiff then suffered.

7. **Trial; Argument of Counsel.**—Where objection is made to argument of counsel and the argument is withdrawn without ruling thereon, or reservation of exception, and without request of instructions thereon and the question is raised only on a motion for new trial no reversible error is shown.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Ed Britton against James W. Lusk and others, as receivers of the St. Louis & San Francisco Railroad Company for damages for personal injuries. Judgment for plaintiff and defendants appeal. Affirmed.

FORNEY JOHNSTON and W. R. C. COCK, for appellants. C. C. NESMITH and LUKE P. HUNT, for appellee.

GARDNER, J.—Suit by employee against the employers for the recovery of damages sustained by the plaintiff from injuries received while in the service of the defendants and while acting within the scope of his employment.

The original complaint contained five counts, all of which were withdrawn before the conclusion of the trial; and the complaint was amended by substituting counts 6 and 7, upon which the trial was had, each of which relied for recovery upon the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657-8665]).

Plaintiff was employed by the receivers of the St. Louis & San Francisco Railroad Company in the capacity of brakeman. The car on which he was riding was derailed near Ensley, Ala., and he was thrown; the injuries complained of being caused by the fall.

Testimony for the plaintiff tended to show that the car was derailed by reason of the fact that a large amount of "slag" had been negligently permitted to accumulate above the rail of the track. Plaintiff was awarded a judgment of $1,500, from which judgment the defendants prosecute this appeal.

Much of the argument and several assignments of error are rested by counsel for appellants upon the assertion that the said railroad company was a party defendant to the cause, and not the receivers alone, and that the judgment, being in the singular, and not disclosing against which defendant it was rendered, is too uncertain to support the recovery. Based upon the same assumption is the further insistence that the amendment to the com-

plaint, counts 6 and 7, clearly showing that recovery was sought against the receivers as such only, was improperly allowed as making an entire change of parties.

The railroad company has assigned errors on this appeal separate from those assigned by the receivers. Counsel for appellee insist that the receivers only were sued, and that the corporation, the railroad company, was not a party defendant. Motion is therefore made to strike the assignments of error entered by said company.

(1) In determining the parties to a suit the summons is to be looked to, in connection with the complaint, as "under our system of pleading the complaint follows the summons, on the same paper, and both are served upon the defendant at the same time."—*Greer & Walker v. Lüpfert-Scales Co.*, 156 Ala. 572, 47 South. 307; *Brown Lbr. Co. v. Coleman*, 190 Ala. 315, 67 South. 243.

(2) In this case the summons is directed to "James W. Lusk, W. C. Nixon, and W. B. Biddle, as receivers of St. Louis & San Francisco Railroad Company." The caption of the complaint is as follows: "Ed Britton v. James W. Lusk, W. C. Nixon, and W. B. Biddle, as Receivers of the St. Louis & San Francisco Railroad Company, a Corporation." Thus far, therefore, it is clear that there is nothing to indicate any irregularity in the suit as one against the receivers only. The only foundation for the defendants' insistence to the contrary seems to be in the wording of the first line of count 1 of the complaint, wherein it is alleged that "plaintiff claims of the defendant, a corporation."

The question here insisted upon does not appear to have been pressed before the court, nor, indeed, to have been even called to the court's attention, during the trial of the cause. The case proceeds as if there was but one defendant, the receivers in their official capacity. It would indeed be a technical and strange construction to hold that the use of the word "corporation," as quoted above, would be sufficient to change the entire character of the suit to one, not against the receivers, but against the railroad company itself. It is quite clear that this expression was a mere misdescription, and should be treated as surplusage.

(3) Nor will the mere fact that during the progress of the trial the railroad company filed in the cause a plea of the general issue suffice, in the present state of the record, to cast any doubt upon who are the proper parties to the suit. It was simply a

voluntary act, and one which could have no effect upon the juris-
diction of the court nor upon the procedure by the plaintiff
against the real defendants here.

(4, 5) We therefore conclude that the railroad company was
not a party to the suit, that no judgment was sought nor ren-
dered against it, and that for this reason the motion of the
appellee to strike the company's assignments of error should be
sustained.  There was therefore clearly no error in the trial
court's allowing the amendment of the complaint by the incor-
poration of counts 6 and 7 and the withdrawal of the original
counts.  The sufficiency of these counts to state a cause of action
under the Federal Liability Act is, we think, quite clear.

We are of the opinion, that there was sufficient evidence
tending to show that the receivers were operating this railroad,
that the plaintiff was by them employed as brakeman, and that
the agents or servants of the receivers were guilty of negligence
in permitting the accumulation of slag on the rails, and that
these were therefore questions for the jury's consideration.  That
the train on which plaintiff was brakeman was engaged in inter-
state commerce was not a matter of dispute.

Upon examination of Dr. Seay, a witness for the plaintiff,
he was asked by plaintiff's counsel the following question:  "If
a man should fall from a box car  *  *  *  upon his left knee
and stomach and hands onto slag about the 9th day of July,
*  *  *  and if, on the last day of August, the knee was swollen
and pained him, what, in your judgment, from your examination
of the defendant in connection with that statement, as a physi-
cian and surgeon, would be the cause of that pain?"

It is insisted that the objection to the question should  have
been sustained, under that line of authorities holding to the effect
that a witness should not be permitted to testify as to his conclu-
sions on the facts at issue, as such would be invasive of the prov-
ince of the jury.—*Travis v. L. & N. R. R. Co.*, 183 Ala. 415,
62 South. 851; *L. & N. R. R. Co. v. Landers*, 135 Ala. 504, 33
South. 482; *Staples v. Steed*, 167 Ala. 241, 52 South. 646, Ann.
Cas. 1912A, 480; *St. L. & S. F. R. Co. v. Brantley*, 168 Ala. 591,
53 South. 305.

(6) While the general rule, as insisted by counsel for appel-
lants, is recognized in these cases, yet it cannot be conceded that
the above quoted question, under the facts of this particular case,
comes within the influence of the principle there announced.  That

this plaintiff received his injury by reason of the fall from the derailed car was an undisputed fact. It was not a question at issue in the case within the meaning of the language of the above-cited authorities. Indeed, from an examination of the record, the meritorious questions presented are reduced to two: (1) Neglicence vel non of defendant in permitting the slag to accumulate on the track rails; and (2) the extent of the injury received by plaintiff. The fact that whatever injury he received was caused by his fall from the derailed car was not in dispute. It is quite clear, therefore, that in this ruling of the court there was no error calling for a reversal of the cause.

(7) Objection was made to a portion of the argument of counsel for plaintiff, consisting of but one sentence, and this sentence was by counsel immediately withdrawn. No ruling of the court was had thereon, and consequently no exception was reserved; nor was the court requested to give to the jury any instructions concerning the same. Motion was made for a new trial, however, and this portion of counsel's argument constituted one of the grounds of said motion.

The rule governing questions of this character, presented under circumstances such as are here indicated, is now well settled in this state (*B. R., L. & P. Co. v. Gonzalez,* 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543), and needs no restatement here. The question has been by us duly considered, and we are not persuaded that reversible error can be predicated thereon.

It is further insisted that the verdict is so excessive in amount as to justify the granting of a new trial. This depends largely upon the consideration of the extent of the injury sustained by plaintiff. The evidence for plaintiff tended to show that the injury to his knee was of a permanent nature. The injured knee was exhibited before the jury for examination by a physician in their presence.

After a careful consideration of the record, we are not convinced that, under the rule as stated in *Cen. Ga. Ry. v. White,* 175 Ala. 60, 56 South. 574, the action of the court in denying the motion is cause for reversal, or calls for any action on our part.

The few remaining questions presented by the record are not of a character requiring their separate treatment here. Suffice it to say they have been duly considered in consultation, and we do not find in them any reversible error.

It therefore results that the judgment of the court below must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.