### VAUGHN v. VAUGHN et al. (No. 2713.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 20, 1926. Rehearing Denied Nov. 10, 1926.)

**1. Appeal and error ⬅499(3).**

Without bill of exception setting out objections to testimony, or some reason given by court in finding and conclusion why he did not consider it, there is nothing on which to base an assignment of error.

**2. Appeal and error ⬅837(11).**

Court of Civil Appeals is not bound by trial court's consideration of incompetent evidence, though admission of evidence was not objected to.

**3. Evidence ⬅271(17).**

Declarations of testator as to ownership of property *held* inadmissible as self-serving in action to construe will.

**4. Evidence ⬅271(17).**

Whether land was community or separate property of testator cannot be established by self-serving declarations of testator made after death of wife.

**5. Husband and wife ⬅262(1), 274(1).**

Land shown to have been acquired during existence of marriage relation is prima facie presumed to be community property, and under Rev. St. 1925, art. 2578, wife's portion descended to only surviving son.

**6. Husband and wife ⬅264.**

Proof rebutting presumption of community interest in property of husband and wife possessed at time of marriage, arising under Rev. St. 1925, art. 4619, must be clear and satisfactory.

**7. Wills ⬅487(3).**

Testator's declaration to his attorney as to what part of his property he wanted second wife to have *held* inadmissible in suit by first wife's son to construe will and establish right to mother's community interest.

**8. Appeal and error ⬅1078(1).**

Assignment of error, expressly waived, will not be considered.

**9. Husband and wife ⬅264.**

Evidence *held* insufficient to overcome presumption of law, under Rev. St. 1925, art. 4619, that land was community estate of husband and first wife, in suit by son to construe will and establish right to community interest in mother's property.

Appeal from District Court, Wilbarger County; Robt. Cole, Judge.

Suit by Joe B. Vaughn, by his next friend, Willis Vaughn, against Clara Vaughn, individually and as independent executrix of the last will and testament of Ben F. Vaughn, deceased. Judgment for plaintiffs, and defendant appeals. Affirmed.

Berry, Stokes & Killough, of Vernon, for appellant.

Cook, Cook & Donaghey and Story & Leak, all of Vernon, for appellees.

HALL, C. J. The statement of the nature and result of this suit, made by appellant and concurred in by appellee, is hereby adopted. The appellee Joe B. Vaughn, a minor, by his next friend, Willis Vaughn, filed this suit against Clara Vaughn, individually and as independent executrix of the last will and testament of her deceased husband, Ben F. Vaughn, on the 14th of October, 1925, in the district court of Wilbarger county, alleging that Ben F. Vaughn, the father of appellee, died in Wilbarger county, April 2, 1925, and left surviving him the appellee, his only child, and the appellant, his second wife; that Ben F. Vaughn's first wife, Mattie Vaughn, died in Wilbarger county in December, 1915; that during the coverture of Ben F. Vaughn and Mattie Vaughn, his first wife, they acquired community estate consisting of real and personal property, which included the south half of section No. 15 in Block No. 15 of the H. & T. C. Railway Company's survey in Wilbarger county; that at the time of the death of the appellee's mother, Mattie Vaughn, they were still possessed of said community property; that no community administration or guardianship was instituted after the death of the said Mattie Vaughn; that the appellee is the only surviving child of the said Mattie and Ben F. Vaughn, and by reason thereof he is the owner of an undivided one-half interest in the above-described land; that in the year 1917 Ben. F. Vaughn married the appellant, with whom he continued to live until his death, and that no children were born to said second marriage; that prior to the death of Ben F. Vaughn he executed his last will and testament, a copy of which is attached to the petition, and which was afterwards duly probated in the county court of Wilbarger county, and the second clause of said will of said Ben F. Vaughn bequeathed to his wife, Clara Vaughn, the appellant, the above-described tract of land, consisting of 320 acres, and in said clause, after describing the land, he uses this language, "And all my interest therein, all the foregoing property to belong to the said Clara Vaughn

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

absolutely and in fee simple"; that in other clauses of the will, wherein he made bequests to appellee, he bequeathed the property absolutely and in fee simple, omitting the words "and all of my interest therein," and in bequests made of his separate property to appellant and appellee, he bequeathed the same absolutely without the use of said phrase; that because of the use of said language said second paragraph of the will was ambiguous, indefinite, and uncertain, and was susceptible of more than one construction, and in view of its ambiguity this suit is filed to have said will construed by the court. He further alleged that it was the purpose and intent of the testator to devise to appellee all of whatever interest he had in said land, and that he knew at the time he made said will that appellee was the only surviving child of Mattie Vaughn, deceased; that said property was community property of the testator and his first wife, Mattie Vaughn, and that appellee, as the only surviving child of that marriage, was the owner of and entitled to an undivided one-half interest in said land; that it was the purpose and intention of the testator, by inserting in said second paragraph of the will the words, "all of my interest therein," to will and devise to appellant only the testator's undivided one-half interest in said land, and not the whole thereof; that appellant is now setting up a claim to all of said 320 acres of land under the provisions of the will to prevent appellee from making use or sale of his undivided one-half interest, which casts a cloud upon his title. The prayer is that said will be construed by the court so as to give the appellant an undivided one-half interest in said land and the appellee the other one-half interest, subject to the administration of the estate, and that the cloud cast upon his title be removed, and for general relief.

The first amended original answer of the appellant consists of a general demurrer, general denial, and specially denies that the tract of land was acquired during the coverture of Ben F. Vaughn and his first wife, Mattie Vaughn, or that it constitutes their community property. She alleges that said land was the separate property of her deceased husband, Ben F. Vaughn; that it was purchased by him on the 30th of October, 1906, and paid for with money and funds belonging to his separate estate; that prior to 1906 the father and mother of Ben F. Vaughn gave him 100 acres of land in Bell county, together with certain personal property, which he owned and held until the latter part of the year 1906, when he sold it and with the proceeds of such sale purchased and paid for said south one-half of said section No. 15; and that no part of the community funds of Ben F. Vaughn and his wife, Mattie, entered into the purchase price

thereof, by reason of which fact the appellee inherited no interest whatever therein. She further alleges that the said will is susceptible of only one construction, and that it plainly bequeaths to her the entire title and estate in said half section of land; that it was the purpose and intention of Ben F. Vaughn before and at the time he executed said will to give said tract of land to her, and he so expressed himself both before and at the time said will was executed and so understood the language therein; that at the time he executed said will there was no doubt in his mind as to his complete ownership in his own separate right of said tract of land, and he instructed the draftsman of said will to draw said instrument so as to give the appellant the fee-simple title thereof; that the words, "all of my interest therein," were not dictated by the said Ben F. Vaughn, but were inserted by the draftsman in said will in an effort to make the same absolute and bequeath said tract of land in fee simple to appellant, and was so interpreted by the said Ben F. Vaughn at the time he executed said will; that his instructions to the draftsman at the time were to write the same so as to bequeath to appellant said entire tract of land, and such was the sense in which he used and approved the words and language used therein. The prayer is that the cloud cast upon her title by the claim of appellee be removed, and that she be quieted in her title and possession.

The case was tried to the court without intervention of a jury, and resulted in a judgment in favor of the appellee, plaintiff in the court below, for title and possession of an undivided half interest in the land.

It appears from the findings of fact:

That Ben F. Vaughn and his first wife, Mattie Vaughn, were married in December, 1902. That she died about the 20th of December, 1915. That there were born to them two children, one of whom died in infancy, and the other, Joe B. Vaughn, the appellee, is now living. That while they were living together as husband and wife they acquired the tract of land in controversy, which they purchased with funds belonging to their community estate. That they owned said land as community property at the time of the death of Mattie Vaughn. That Ben F. Vaughn married the appellant in the year 1917. That she survived him, and no children were born to them. That Ben F. Vaughn died the 2d day of April, 1925, and prior thereto, on the 22d day of February, 1925, he duly executed his last will and testament, which has been probated in the county court of Wilbarger county. That the second clause thereof is in the following language:

"I also will, give and bequeath unto my said wife 320 acres of land, being all of the south half of section No. 15 in Block No. 15 of the H. & T. C. Ry. Co. surveys of lands in Wil-

barger county, Texas, and all of my interest therein, all of the foregoing property to belong to the said Clara Vaughn absolutely and in fee simple."

That the third paragraph of said will is as follows:

"I will, give and bequeath unto my beloved son, Joe Bray Vaughn, 117 acres of land out of section No. 23 in block No. 16 of the H. & T. C. Ry. Co. surveys of land in Wilbarger county, Texas * * * said land to belong to the said Joe Bray Vaughn absolutely and in fee simple."

Said will also contains the following clause:

"All the rest and residue of my property * * * I give, will and bequeath to my beloved wife, Clara Vaughn, and my beloved son, Joe Bray Vaughn, share and share alike, to be theirs absolutely and in fees simple."

The trial court concluded as a matter of law that the 320 acres of land in question was the community estate of Ben F. Vaughn and his first wife, Mattie Vaughn, and that upon the death of the said Mattie Vaughn the said Joe B. Vaughn acquired by descent and is entitled to an undivided one-half interest in the same.

The appellant offered to prove by attorneys W. N. Stokes and Sidney Bradley that when Ben F. Vaughn made his last will and testament he called the witness Stokes to the hospital and told him that the 320 acres of land was bought by him and paid for out of the proceeds of the sale of his land in Bell county which had been given to him by his father, and stated that he wanted the same to go to his wife; that he then said to the witness, "I want you to be sure to fix it so that it will be my separate property, the 320 acres as going to her." The witness Bradley was offered to prove that he heard the conversation between Vaughn and Stokes relative to the land, and that Vaughn said his father gave him the land in Bell county, and he sold it and bought the land in Wilbarger county with the money he got for the Bell county land.

Appellant testified that she heard her husband, Ben F. Vaughn, during his lifetime, say that the 100 acres in Bell county was given to him by his father, and he sold it and bought the land in Wilbarger county; that he told her this more than once.

The court concluded as a matter of law that the testimony of these witnesses was not admissible for any purpose except to be considered in construing the will; that the same was not admissible for the purpose of showing the source of Ben F. Vaughn's title, or to show that he paid for the land with his separate funds, and that he would not consider said testimony for that purpose. The appellant excepted to the judgment and to the findings and conclusions generally.

The case is presented here upon several

propositions which we find it unnecessary to consider in the order presented. There is no bill of exception in the record to the action of the court in refusing to consider the testimony of these three witnesses as to the declarations of Ben F. Vaughn concerning his title and ownership of the land. In her brief appellant states what she offered to prove by the witnesses Stokes and Bradley, but it does not appear what objections, if any, were made to this testimony, though the statement of facts shows that Stokes did testify as stated by the trial judge in his findings.

[1] It also appears in the statement of facts that the witness Bradley testified that he heard the conversation between Ben F. Vaughn and Stokes in the hospital, and that Vaughn said at that time that his father had given him the land in Bell county; that he had sold it and bought this land over here with the proceeds of the Bell county land. There is nothing in the statement of facts, or anywhere else in the record, which shows the objections, if any, made to this testimony, nor are we informed by anything in the record upon what grounds the court declined to consider it. In the absence of a bill of exception which sets out the objections made to it, or some reason given by the court in his findings and conclusions why he did not consider it, there is nothing upon which to base an assignment of error, and we seriously doubt whether the record requires consideration of the assignment. Carlton v. Conkrite (Tex. Civ. App.) 249 S. W. 522; Sickels v. Epps (Tex. Sup.) 8 S. W. 124.

[2] However, if the record is sufficient to require consideration of the assignment, we are of the opinion that the court did not err in refusing to consider it, even though no objection was urged to the introduction of the testimony at the time it was offered, and, if the court had considered it, this court would not be bound by such action. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

[3, 4] The general rule is that the declarations of a testator with reference to his ownership of the property, made at the time of the execution of the will, or prior or subsequent thereto, are inadmissible in an action brought after his death for the purpose of having the will construed. Such a declaration is clearly self-serving, and was offered in this case to show that the declarant owned the property in his own separate right. Since the declaration was made after the death of his first wife, and after her interest descended, it was inadmissible against the appellee. The issue as to whether the land was community or separate property cannot be established by this character of evidence. Packard v. De Miranda (Tex. Civ. App.) 146 S. W. 211; Warren v. Humphreys (Tex. Civ. App.) 274 S. W. 250; Clements v. Maury, 50 Tex. Civ. App. 158, 110 S. W. 185; Gilbert v.

Odum, 69 Tex. 670, 7 S. W. 510; McDow v. Rabb, 56 Tex. 154; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Hays v. Hays, 66 Tex. 606, 1 S. W. 895; Matador Land & Cattle Co. v. Cooper (Tex. Civ. App.). 87 S. W. 238; Snow v. Starr, 75 Tex. 411, 12 S. W. 673.

Appellant insists that that part of the declaration of Vaughn which details the fact that he sold 100 acres of land in Bell county which had been given to him by his father and invested the proceeds in the land in question was admissible as part of the res gestæ. We cannot assent to this proposition. Such declaration was simply a narrative of a past transaction which occurred seven or eight years before the execution of the will, and in which he was relating to his attorney how he obtained the money which he claims he invested in the half section of land in Wilbarger county. A narrative declaration of this character is not admissible as part of the res gestæ. Lovenskoild v. Casas (Tex. Civ. App.) 196 S. W. 629; Austin v. Ritz, 72 Tex. 391, 9 S. W. 884; St. Louis, etc., Ry. Co. v. Jenkins (Tex. Civ. App.) 172 S. W. 984; 2 Jones on Evidence (Blue Book) § 345; 11 Ency. of Evidence, 309, 313; Gillett, Ind. & Col. Evidence, § 263, and note 1; Id., § 289, note 2; 4 Chamberlayne, Modern Law of Evidence, § 3021 and note.

[5] Under the provisions of R. S. 1925, art. 2578, upon the death of appellee's mother, her one-half community interest descended to appellee, and as the land is shown to have been acquired during the existence of the marriage relation between the mother of appellee and the testator, it is prima facie presumed to be community property. Lynch v. Lynch (Tex. Civ. App.) 130 S. W. 461; Schmeltz v. Garey, 49 Tex. 49; Stewart v. Marshburn (Tex. Com. App.) 240 S. W. 331; Winters v. Duncan (Tex. Civ. App.) 220 S. W. 219; Letot v. Peacock (Tex. Civ. App.) 94 S. W. 1121; Edwards v. Brown, 68 Tex. 335, 4 S. W. 380, 5 S. W. 87.

[6] R. S. 1925, art. 4619, provides:

"All the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

In construing this statute, the courts hold that proof rebutting the presumption which arises under it must be clear and satisfactory. Watkins v. Watkins (Tex. Civ. App.) 119 S. W. 145; Moss v. Helsley, 60 Tex. 426.

[7] That part of the testator's declaration to his attorney, Stokes, as to what part of his property he wanted his wife to have was also inadmissible. Peet v. Commerce & E. St. Ry., 70 Tex. 522, 8 S. W. 203; Richardson v McCloskey (Tex. Civ. App.) 261 S. W.

801; Hagood v. Hagood (Tex. Civ. App.) 186 S. W. 220.

[8] What has been said disposes of appellant's first three propositions. In the brief appellant concedes that if the court's finding of fact, to the effect that the land in question was purchased with funds belonging to the community estate of Ben Vaughn and his first wife, is supported by the evidence, then "this case is at an end, and appellant should not be heard further." The appellee concurs in this view, and we will therefore not consider the fourth and last proposition urged in appellant's brief to the effect that the will of Ben Vaughn is not ambiguous. Gonzales v. Gal. H. & S. Ry. (Tex. Civ. App.) 107 S. W. 896; T. & P. Ry. Co. v. Hilgartner (Tex. Civ. App.) 149 S. W. 1091; Miller v. Campbell (Tex. Civ. App.) 171 S. W. 251; Blum v. Jones (Tex. Civ. App.) 23 S. W. 844; Eddy v. Newton (Tex. Civ. App.) 22 S. W. 533; 3 C. J. 1448; 4 C. J. 1067; 2 Stand. Proc. 473, note 71; O. H. Broun, Jr., Timb. Co. v. Coleman, 190 Ala. 315, 67 So. 243; Cochran v. Burdick Bros., 7 Ala. App. 274, 61 So. 29; Clark v. Smith, 142 Ga. 200, 82 S. E. 563; Ideal Leather Goods Co. v. Eastern S. S. Corp., 220 Mass. 133, 107 N. E. 525.

[9] This proposition having been expressly waived, and for that reason not being considered, and because we think the evidence is not sufficient to overcome the presumption of law that the land was the community estate of Ben F. Vaughn and his first wife, the judgment is in all things affirmed.