# Jones *v.* The State.

### *Petit Larceny.*

(Decided Nov. 30, 1911.  57 South. 62.)

*Appeal and Error; Review; Insufficiency of Evidence; Question Not Raised Below.*—Where evidence is deemed insufficient to warrant a conviction, it is essential, in order to a review of its sufficiency in the appellate court, that a ruling thereon be requested of the trial court, such as a request for an affirmative instruction, or motion to exclude the evidence for insufficiency.

APPEAL from Macon County Court.

Heard before Hon. Milo ABERCROMBIE.

The defendant, Robert Jones, was convicted of petit larceny and he appeals. Affirmed.

O. S. LEWIS, for appellant. The evidence was not sufficient and wholly fails to show the corpus delicti,

and the defendant should have been discharged.—*San- ders v. The State,* 167 Ala. 85.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The question of the sufficiency of the evidence was not raised in the trial court, nor was any ruling requested thereupon and hence, that matter cannot be here reviewed.— *Woodson v. The State,* 54 So. 191.

DE GRAFFENRIED, J.—The defendant was indicted and convicted of petit larceny, and appeals.

The bill of exceptions fails to show that the defendant reserved any question for our consideration, except the action of the trial court in refusing to allow him to introduce certain evidence which was manifestly irrelevant. He now insists that he is entitled to a reversal, because, he says, there was not sufficient evidence introduced on the trial tending to establish the corpus delicti to warrant the submission of the case to the jury. In the case of *Woodson v. State,* 170 Ala. 87, 54 South. 191, the Supreme Court of Alabama, speaking on this subject, says: "Where the evidence is deemed insufficient to warrant a conviction, a ruling of the trial court on that proposition must be properly (usually by special instructions requested) invited, in order to invoke or justify a review of the question, as raised below, by this appellate court." In the present case, as in the *Woodson Case, supra,* the trial court had jurisdiction of the subject-matter and of the person, and, the judgment being grounded in a verdict accurately responding to the indictment, the adjudication of guilt and the sentence therefor cannot be void, even if there was not sufficient evidence of the corpus delicti to warrant the submission of the case to the

16 CA

jury.    Having failed to reserve an exception in any
manner to the action of the trial court on the subject,
the defendant has presented nothing to us for review.
—*Woodson v. State, supra.*

The judgment of the court below is affirmed.
Affirmed.