# Cobb v. Hand.

## *Malicious Prosecution.*

(Decided April 20, 1915. 68 South. 541.)

1. *Verdict; Impeachment; Juror.*—A juror assisting in rendering
a verdict may not impeach it by showing that it was a quotient
verdict.

2. *Same; Evidence.*—In an action for malicious prosecution, the
fact that the verdict was for an odd amount is not enough, in itself,
to authorize a finding that it was a quotient verdict.

3. *Charge of Court; Directing Verdict.*—Where the evidence was
in conflict, but was sufficient to support a finding for plaintiff, the
defendant was not entitled to have the verdict directed for him.

4. *New Trial; Grounds.*—General grounds cannot be considered in
an application for a new trial where they fail to point out the par-
ticulars in which it is claimed the court has erred.

5. *Witnesses; Cross-Examination; Discretion.*—The range of cross-
examination is under the control of the trial court, and within its
discretion; hence the permitting of a cross-examination of the de-
fendant in a malicious prosecution suit as to what inquiries he
made and what diligence he used to inform himself of the truth on
which he based the charge, was within the court's discretion, and
was not abused.

6. *Appeal and Error; Review; Insistence.*—Grounds of motion for
a new trial assigned as error, but not insisted on in brief, or oral
argument, are waived.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Jessie Hand, by next friend, brought suit against Calvin Cobb for damages for a malicious prosecution, which suit was revived in the name of J. W. Hand, as administrator. From a judgment for plaintiff, defendant appeals. Affirmed.

CHAS. F. DOUGLASS, for appellant. Quotient verdicts are severely condemned by the courts, and are not permitted to stand.—*I. A. Cor. v. Abercrombie*, 63 South. 533; *City of Eufaula v. Speight*, 121 Ala. 650. Counsel discusses the evidence with the insistence that the verdict was so contrary thereto that the court should have granted defendant's motion for a new trial.

ROSS BLACKMON, for appellee. Counsel discusses and cites authority in support of his insistence that the case was properly revived in the name of the administrator, but in view of the opinion it is not deemed necessary to here set it out.

PELHAM, P. J.—This appeal was prosecuted against Jesse Hand, pro ami, and pending a submission of the cause the appellee died and the case was revived in the name of J. W. Hand, as administrator of the estate of appellee.—*Pope v. Welsh's Adm'r*, 18 Ala. 631.

The suit was brought by the original appellee seeking to recover damages in an action against the appellant for malicious prosecution. There was judgment, following a verdict, in favor of appellee for $112.05. Appellant made a motion for a new trial, and prosecutes this appeal from an order or judgment of the court overruling the motion.

The appellant's motion sets up many grounds, but only eight of the grounds are embraced in the assign-

ment of errors. One of the eight grounds assigned as error and insisted upon here is that the verdict rendered by the jury was a quotient verdict. The court properly refused to consider the affidavit of one of the jurors offered by the appellant for the purpose of impeaching the verdict.—*B. R. L. & P. Co. v. Moore,* 148 Ala. 115, and authorities cited in the opinion at the bottom of page 130 (42 South. 1024).

Aside from this affidavit, no evidence was offered to support that ground of the motion based on the verdict having been arrived at by the adoption of some arbitrary rule or improper method. The fact that the verdict in a case like this was for an odd or uneven amount is not enough in itself, without more, to authorize the conclusion that it was the result of a prior agreement, or was not arrived at in a legitimate way—was a quotient verdict. The proof failed to establish this ground of the motion for a new trial.—*City of Eufaula v. Speight,* 121 Ala. 615, 25 South. 1009.

We cannot say, after carefully examining the evidence set out, acting under the rule laid down in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, that the court was in error in refusing to set aside the verdict on the ground that it was contrary to the evidence. The evidence was in conflict and sufficient to support the finding of the jury, and the general charge requested by the appellant was properly refused.

The general grounds set up in the motion for a new trial and assigned as errors, failing to point out or specify the particulars in which it is contended the court erred, cannot be considered.—*Moneagle v. Livingston,* 150 Ala. 565, 43 South. 840; *Ewart Lumber Co. v. v. American Cement Plaster Co.,* 9 Ala. App. 160, South. 560.

No abuse of the court's discretion is shown in the range of cross-examination permitted by the court for

the purpose of allowing appellee's counsel to ascertain from appellant, when being examined as a witness in his own behalf, what inquiries he had made, and what diligence he used, to inform himself of the truth of the charge upon which he had the defendant arrested. This was a pertinent inquiry in arriving at a conclusion as to whether the appellant had used proper precaution and prudence in the premises before instituting the prosecution, which entered into a consideration of the question of probable cause.

We have considered and passed upon all of the grounds of the motion for a new trial assigned as error and insisted upon in brief in such a way as to require their consideration. The grounds not insisted upon and supported by argument or citation of authority are waived.—6 Mayf. Dig. 33, § 112; *L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001.

From what we have said, it will appear that the conclusion is that no error was committed by the court in overruling the motion for a new trial, and the judgment will be affirmed.

Affirmed.