(80 South. 173)

KITCHENS v. MANN. (7 Div. 470.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. NEW TRIAL ⬤⟞71—GROUNDS—EVIDENCE.

Where in a warehouseman's action for storage all the questions were contested, and evidence pro and con introduced under a full and fair charge, the court will not be put in error for overruling a motion for a new trial on the ground that the verdict was contrary to the evidence.

2. WAREHOUSEMEN ⬤⟞25(5)—LIABILITY FOR WRONGFUL DELIVERY.

A warehouseman is liable for the delivery of goods to the wrong person.

3. WAREHOUSEMEN ⬤⟞25(5) — LIABILITY FOR GOODS IN STORAGE — DELIVERY TO WRONG PERSON.

Where the owner of goods in storage has been paid for them by the party to whom they were delivered, there can be no recovery from the warehouseman by the owner, although the warehouseman has delivered the goods to the wrong person.

4. WAREHOUSEMEN ⬤⟞34(2) — LIABILITY FOR GOODS IN STORAGE—DEMAND BY OWNER.

In a warehouseman's action for storage of cotton, where no demand was made by defendant for cotton alleged to have been converted by plaintiff until after suit was brought, defendant cannot, by plea of set-off or recoupment, recover for such cotton in that suit.

5. TRIAL ⬤⟞158—DEMURRER TO EVIDENCE— MOTION TO EXCLUDE.

A motion to exclude evidence cannot be made to take the place of a demurrer to the evidence.

6. WAREHOUSEMEN ⬤⟞13—DUTY TO ISSUE RECEIPTS—LIABILITY FOR FAILURE TO COMPLY WITH LAW.

It is the duty of a warehouseman on receiving cotton for storage to issue a receipt for it as required by Code 1907, § 6131, and failing to do so, and the cotton being in bad condition, he is liable to the receipt holder for damages sustained by his failure to comply with the law.

7. WAREHOUSEMEN ⬤⟞34(6) — ACTIONS FOR STORAGE CHARGES—EVIDENCE.

In a warehouseman's action to recover storage charged for cotton, the difference between plaintiff's scales and other scales not shown to be correct was immaterial.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. APPEAL AND ERROR ☞1050(1)—REVIEW—HARMLESS ERROR.**

In a warehouseman's action for storage charges for cotton, admission of evidence that defendant and another who shipped part of the cotton claimed by defendant to have been converted, were doing business together when the cotton was erroneously delivered to the third party, if error, was harmless.

**9. WAREHOUSEMEN ☞34(4) — ACTION FOR STORAGE CHARGES—EVIDENCE.**

In a warehouseman's action for storage charges on defendant's cotton claimed by defendant to have been converted by plaintiff through fraudulent receipts and short weights, it was immaterial what loss defendant sustained generally on the cotton for which he had received receipts; the question not being what he had lost, but what he had lost by short weights or fraudulent receipts.

**10. WAREHOUSEMEN ☞34(6) — ACTION FOR STORAGE CHARGES—EVIDENCE.**

In a warehouseman's action for storage charges of cotton, evidence as to reweighing other cotton in the warehouse was immaterial.

**11. WAREHOUSEMEN ☞34(6) — ACTION FOR STORAGE CHARGES—EVIDENCE.**

In a warehouseman's action for storage charges of cotton alleged by defendant to have been converted by plaintiff, evidence tending to rebut the charge of fraud in weighing the cotton was competent.

**12. WAREHOUSEMEN ☞25(4)—DELIVERY—NECESSITY OF ORDER.**

A warehouseman has no right to deliver goods in storage to any one except on the owner's order.

**13. EVIDENCE ☞483(7)—OPINION—CORRECTNESS OF SCALES.**

In a warehouseman's action for storage charges of cotton, where the correctness of his scales was questioned, such correctness was to be proven by standard of weight, and not by opinion of cotton buyers.

**14. APPEAL AND ERROR ☞1033(5)—FAVORABLE ERROR—INSTRUCTIONS.**

In a warehouseman's action for storage charges of cotton, an instruction at plaintiff's request favorable to defendant cannot be complained of by defendant, although involved and misleading.

**15. WAREHOUSEMEN ☞34(5)—LIABILITY FOR GOODS STORED—BURDEN OF PROOF.**

In a warehouseman's action for storage charges on cotton alleged by defendant to have been converted by plaintiff, the burden is on defendant to prove his debt, and, if the evidence is uncertain, verdict should not be rendered for defendant.

**16. WAREHOUSEMEN ☞34(8) — LIABILITY FOR CONVERSION—MEASURE OF DAMAGES.**

In warehouseman's action for storage charges of cotton alleged by defendant to have been converted by plaintiff, an instruction erroneously stating the rule of damages for conversion as being whatever the cotton had been worth on the market, since demand for the cotton had been made by defendant, was properly refused.

**17. WAREHOUSEMEN ☞34(8)—LIABILITY FOR CONVERSION—MEASURE OF DAMAGES.**

In a warehouseman's action for storage charges of cotton alleged by defendant to have been converted by plaintiff, an instruction basing the measure of damages on the highest market value since defendant demanded the cotton, and if such amount exceeded plaintiff's demand, to allow defendant a verdict for the excess of his demand over plaintiff's demand, not to exceed $100, was erroneous.

Appeal from Circuit Court, Clay County; Marion H. Sims, Judge.

Action by A. P. Mann against W. A. Kitchens in assumpsit and on account. From a judgment for plaintiff, defendant appeals. Affirmed.

The following are the assignments of error referred to in the opinion:

(23) The lower court erred in overruling defendant's objection to the following question to the witness J. W. Stewart: "Have you got that with you (referring to a memorandum made by the witness)?"

(24) Witness' answer: "I think I have got it."

(25) Overruling defendant's objection to the following question to Perry Wright: "Let us see what they were; did you see them weighed?"

(26) Witness' answer: "Yes, sir."

(27) The lower court erred in overruling defendant's objection to the question of witness Wright in calling off the figures that the witness had made of weights of bales of cotton which were weighed on the scales at plaintiff's warehouse long after this suit commenced.

(28) Overruling defendant's objection to the following question to the witness Wright: "Some of it appeared to have been there on storage a good while."

(29) Witness' answer: "Yes, sir."

(30) Overruling defendant's objection to the following question to the witness Ramsey: "In the spring of 1915 did you go down to the A. P. Mann warehouse with anybody at a time when some cotton was reweighed?"

(31) Overruling defendant's objection to the following question to the same witness: "Let's see some of those weights you drew off; did you put the time down?"

(32) Answer of witness: "March 24, 1915."

(33) Overruling defendant's objection to the following question propounded to witness Gibson: "Did you test any scales at that time used down at the A. P. Mann warehouse?"

(34) Answer of witness: "Yes, sir."

The following charge was given for plaintiff:

(2) The burden of proving to your reasonable satisfaction that plaintiff owes defendant for either one of the bales of cotton numbered 1687 and 3110 is on defendant, and if you are left in a state of uncertainty, after considering all the evidence, whether or not said plaintiff owes said defendant for either of said bales of cotton,

---

you should not render a verdict in favor of plaintiff (defendant) for the bale or bales that you may be in a state of uncertainty about.

The following are the charges refused to defendant:

(2) If you are reasonably satisfied from the evidence in this case that defendant has bale of cotton No. 1687 in the warehouse being run by plaintiff, and that defendant demanded said bale of cotton before the commencement of this suit, and plaintiff refused or failed to deliver to defendant said cotton, and if you are further reasonably satisfied from the evidence that plaintiff has never paid defendant for said cotton, your verdict should be for plaintiff, for whatever you are reasonably satisfied from the evidence said bale of cotton has been worth on the market, since defendant demanded of the plaintiff said bale of cotton.

(6) If you are reasonably satisfied from all the evidence in this case that plaintiff as warehouseman had in his possession a bale of cotton No. 1687, weighing 464 pounds, and bale of cotton No. 3110, weighing 400 pounds, before the commencement of this suit, and in the years 1913 and 1914, and that defendant was the owner of said cotton, and held the warehouse receipts for said cotton, and that defendant demanded of plaintiff said bales of cotton before the commencement of this suit, and plaintiff refused or failed to turn over said cotton or deliver same to defendant, then you should find a verdict in favor of defendant for the highest market value in Ashland of the cotton since defendant demanded said cotton, and if the amount so found by you as being the market value of said cotton should exceed plaintiff's demand, you should find a verdict over plaintiff's demand for defendant for such excess as you find defendant's demand exceeds plaintiff's demand, not to exceed $100.

Riddle & Riddle, of Talladega, for appellant.

Cornelius & Vann, of Ashland, for appellee.

SAMFORD, J. [1] The plaintiff, a warehouseman, claims of the defendant an account for storage of cotton. The cause was tried in the court below on the plea of the general issue, in short, etc. Under this plea the defendant sought to show a violation of section 7859 of the Code of 1907; that the plaintiff gave false weights on the receipts issued from his warehouse, and that defendant purchased cotton, evidenced by these receipts, and was thereby damaged to the extent of the shortage in weight; that the plaintiff pulled cotton out of the bales of cotton belonging to the defendant in amounts above the necessity for sampling, and for the conversion of two bales of cotton. All of the questions were contested, evidence pro and con introduced, and submitted to the jury, under a full and fair charge by the court. Where this is the case, the trial court will not be put in error for its action in overruling a motion for a new trial based upon the ground that the verdict of the jury was contrary to the evidence. Denson v. Stanley, 84 South. ——; Cobb v. Malone, 92 Ala. 630, 9 South. 738; Cobb v. Hand, 12 Ala. App. 463, 68 South. 541.

[2-4] It is true that a warehouseman is liable, in a proper suit, for the delivery of goods to the wrong person. Hudmon Bros. v. Du Bose, 85 Ala. 446, 5 South. 162, 2 L. R. A. 475; Davis & Son v. Hurt, 114 Ala. 146, 21 South. 468. But where the owner of the goods has been paid for them by the party to whom they were delivered, there can be no recovery from the warehouseman by the owner; or where, as in this case as applied to one of the bales of cotton, it is shown to the satisfaction of the jury that no demand was made for the cotton until after suit was brought, the defendant cannot through a plea of set-off or recoupment recover for that bale in this suit. These questions, under the evidence, were properly submitted to the jury.

[5] A motion to exclude the plaintiff's testimony and render judgment in favor of the defendant is not the proper way to test the case as made by the plaintiff's evidence. Although the headnote in Jones v. State, 2 Ala. App. 240, 57 South. 62, and some other decisions of this court and of the Supreme Court may appear to be authority for the contention, a motion to exclude evidence cannot be made to take the place of a demurrer to the evidence. The authorities are to the effect that the trial court will not be reversed for the granting of such a motion where the evidence for the plaintiff fails to make out a case. Neither will the court be reversed for overruling such a motion. Abraham Bros. v. Means, 75 South. 187–189;[1] Mobile Light & R. Co. v. Portiss, 195 Ala. 320, 70 South. 136; McCray v. Sharpe, 188 Ala. 375, 66 South. 441; Wise v. Curl, 177 Ala. 324, 58 South. 286; Athey v. T. C., I. & R. R. Co., 191 Ala. 646, 68 South. 154.

[6] It is the duty of a warehouseman, on receiving cotton into his warehouse for storage, to issue a receipt for same, in accordance with the requirements of section 6131 of the Code of 1907, and failing to do this, and the cotton is in bad condition, he is liable to the holder of the receipt for any damages he has sustained by a failure to comply with the law. This question was within the issues of this case, and was properly submitted to the jury.

[7-9] The assignments of error from 2 to 38, both inclusive, relate to the action of the court on questions of evidence. Many of these exceptions are plainly without merit, and others are without injury to the defendant. The difference between plaintiff's scales and other scales not shown to be correct was immaterial. Even if error, there was no injury to defendant in permitting a witness to testify that defendant and Smith, who was the party who shipped one of the bales of cot-

[1] Ante, p. 42.

ton claimed by defendant to have been converted, were doing business together during the season when the cotton of defendant was erroneously delivered to Smith. The questions, "Mr. Kitchens never did get any of you-all's money and keep it?" and "Did you ever know of Mr. Kitchen getting any of Mr. Mann's money?" called for evidence not relevant to the issues in the case. The question of how much loss defendant sustained on 138 bales of cotton · which he had received on tickets and purchased in plaintiff's warehouse was not relevant to the issue. The question was not what he lost, but what he lost by short weights or fraudulent receipts given by plaintiff.

[10] The refusal of the court to permit the defendant's counsel to ask the witness Kitchen, "Well, now, did you or did you not demand possession of this cotton before this suit was filed?" was evidently because the question called for a repetition of what had already been testified to by the witness Kitchens, he having just testified, "I demanded possession of this cotton before he ever sued me." What Kitchen did with reference to reweighing other cotton in plaintiff's warehouse was immaterial.

[11] Assignments of error 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 are clearly without merit. This evidence was competent as tending to rebut the charge of fraud in the weighing of cotton in plaintiff's warehouse, including cotton purchased by the defendant; it having been testified by a witness for defendant that plaintiff's agent had induced the bringing of cotton to the warehouse by a promise of increase in weights over other warehouses. The courts will not permit an attack upon the integrity of a man's business and then prevent him from rebutting it.

[12] It was immaterial how London had listed out bale 1687. It was not London's cotton, and, whether he listed it or not, plaintiff had no right to deliver defendant's cotton to London, or to anybody else except upon the order of defendant.

[13] The correctness of scales is to be proven by standard of weight, and not by the opinion of cotton buyers, however expert they may be in the buying and handling of bales of cotton.

Assignments 17, 18, and 19 are clearly without merit. As to 17, the witness could not be permitted to testify to something about which he had no knowledge; as to 18, what was the understanding of the witness was not competent; and as to 19, it was a pertinent inquiry as to whether the defendant shipped the cotton he was claiming as an offset.

[14] The following charge: "The court charges the jury that, unless you are reasonably satisfied from the evidence that defendant did not demand the bale of cotton No. 3110 until the month of January, 1915, and

that the present suit was instituted by the plaintiff on December 28, 1914, you would not be authorized to give a verdict against the plaintiff in favor of defendant for said bale of cotton"—given at the request of the plaintiff, while involved and misleading, is favorable to the defendant, and he cannot complain.

[15] Charge No. 2 states a correct proposition of law as applicable to the facts in this case and was not error.

Charge No. 1 as requested by the defendant was the general affirmative charge, and, as has been shown supra, was properly refused.

[16] Charge No. 2 as requested by defendant does not state the rule of damages for conversion, as applicable to the facts in this case, and was therefore properly refused.

[17] Charge No. 6, as requested by the defendant, does not correctly state the rule for ascertaining the damages for the conversion of the cotton, based upon the facts of this case.

There is no error in the record, and the judgment is affirmed.

Affirmed.