142 So. 543

### DAVIS v. GRIFFIN, Sheriff, et al.
### 7 Div. 129.

Supreme Court of Alabama.
June 9, 1932.

M. B. Grace, of Birmingham, for appellant.

L. H. Ellis, of Columbiana, for appellees.

KNIGHT, J.

Suit by appellant against appellees to recover damages for the failure of the appellee, as sheriff of Etowah county, to make the money under an execution issued out of the circuit court of Shelby county, Ala., and delivered to appellee Griffin to be executed. The appellee National Surety Company is the surety on the official bond of said sheriff. When the cause came on for trial, the plaintiff sought to amend his complaint by "striking out the word 'Leon' where it appears in the complaint and substituting therefor the word Nelson, so that the complaint will read 'Nelson Davis' instead of Leon Davis versus T. F. Griffin," etc. Plaintiff accompanied this amendment with an affidavit in words as follows:

"State of Alabama, Shelby County

"Personally appeared before me the undersigned authority in and for said State and county, M. B. Grace, being sworn says he is attorney for the plaintiff in said cause and has the authority to make this affidavit; That he represented the plaintiff in this cause at the November Term, 1930, when judgment was rendered against L. L. Clarke, doing business as Clark Undertaking Co., the style of the cause being Nelson Davis v. L. L. Clark, doing business as Clark Undertaking Company; that the complaint in this cause is against T. F. Griffin as sheriff of Etowah County, Alabama, et al for failure to execute the execution against the defendant in said cause; that affiant prepared the complaint in this cause, No. 10316 as counsel for plaintiff; that he inadvertently made an error in the Christian name of the plaintiff; that it should read Nelson Davis instead of Leon Davis; that Nelson Davis is the plaintiff, and the only plaintiff in the cause and is not a change of the party plaintiff; that the amendment offered herein is merely a change of the Christian name of the plaintiff, and not a change of the party plaintiff in said cause.

"M. B. Grace.

"Subscribed and sworn to before me this October 23, 1931. W. T. Taylor, Jr., Clerk of Circuit Court of Shelby County, Alabama.

"Filed in open court this 23rd day of October, 1931. W. T. Taylor, Jr., Clerk."

The defendants objected to the allowance of the amendment on the ground "the amendment sought to change the parties and add a new party plaintiff; that the word 'Nelson' if permitted would be a complete change of the party plaintiff and is such an amendment that is not permitted by the statute of Alabama." The court sustained the objection of the defendants, and refused to allow the plaintiff to amend his complaint in the particular above set out. To this ruling of the court the plaintiff duly reserved an exception. Thereupon, because of the adverse ruling of the court in not permitting the plaintiff to so amend his complaint, it became necessary for the plaintiff to suffer a nonsuit with bill of exceptions.

The amendment offered worked no entire change of parties plaintiff. It was but the correction of plaintiff's Christian name, and under our statute of amendment was allowable. The precise question presented on this appeal has been heretofore passed upon by this court, and very similar amendments have been allowed. Code, §§ 9513 and 9516; Beggs & Son v. Wellman, 82 Ala. 391, 2 So. 877; Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Doe ex dem. Evans v. Richardson, 76 Ala. 329; South & North Alabama R. R. Co. v. Small. 70 Ala. 499.

As was said in the case of Springer v. Sullivan, supra, the defendants objected to the amendment, but did not take issue upon the allegations made as to the error in the true name of the plaintiff. The allegations of the affidavit, submitted along with the motion to amend, were therefore admitted. The court should have allowed the amendment, and in refusing to do so committed reversible error.

The judgment of the circuit court is reversed, the nonsuit set aside, and the cause is restored to the docket.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.