81 So.2d 349

## H. O. BATES

v.

## Juanita RENTZ.

4 Div. 821.

Supreme Court of Alabama.

June 16, 1955.

Hiram J. Brogden, Jr., and Prestwood & Prestwood, Andalusia, for appellant.

A. R. Powell, Jr., Andalusia, for appellee.

MERRILL, Justice.

Appellant sued appellee for damages arising out of a collision between their automobiles at an intersection in the City of Andalusia. Appellee pleaded the general issue and filed two pleas of recoupment, one based on negligence, the other on wantonness. The verdict and judgment thereon was for the defendant on the complaint and for the plaintiff on the pleas of recoupment. Appellant's motion for a new trial was overruled and he appeals.

■ Appellee has moved the court to dismiss the appeal and strike the transcript of the evidence for alleged non compliance with Code of 1940, Title 7, § 827(1) and Supreme Court Rule 48, Code 1940, Tit. 7, Appendix. She takes the position that since § 827(1) requires that the party desiring to appeal must give notice to the court reporter within five days after he perfects his appeal, requesting the evidence to be transcribed, any deviation therefrom should vitiate the appeal. In the instant case the judgment was dated October 14, 1954. The appeal was taken January 15, 1955. The court reporter filed the transcript of the evidence with his certificate that he had notified the attorneys of record of such filing on January 4, 1955. The mere fact that the court reporter filed the transcript in the clerk's office eleven days before the appeal was taken, will not vitiate the appeal. It is not the purpose of the statute or the rule to penalize promptness on the part of the reporter or the appellant. The motions are without merit.

■ Assignment of error No. 1 complains of the action of the trial court in refusing to allow an amendment to plaintiff's complaint. As originally filed and when testimony at the trial was begun, the complaint did not claim damages for permanent injuries. While the plaintiff was being examined, a question tending to show permanency of an injury was asked, the defendant objected and the following took place:

"The Court: Have you got a claim for permanent injuries?

"Mr. Prestwood: Yes, sir.

"The Court: Overrule the objection."

The witness testified that his arm still hurt him so that he turned sick when he

raised it. Just before the plaintiff rested, he offered to amend the complaint to show permanent injuries. The record does not disclose whether the amendment was actually prepared and in writing, but after objection by the defendant the court said:

"When you amend that he is permanently injured that would open the avenue for competent evidence and I believe it would be unfair when possibly they don't have evidence here."

The request to amend was overruled and the plaintiff excepted. We assume that the trial court meant that granting the request to amend would entitle the defendant to show the nonpermanency of the injuries by rebuttal evidence and this would be unfair to defendant when she possibly had no evidence available since no damages for permanent injuries had been claimed.

Pretermitting the question of whether the offer of amendment should have been granted, the error, if any, was without injury because the jury verdict was a positive finding that the defendant was not guilty of the negligence with which she was charged, and the jury declined to award any damages for those injuries claimed in the complaint and proved by the evidence. We, therefore, hold that the plaintiff was not substantially injured by the trial court's ruling. Supreme Court Rule 45.

■ Assignment of error No. 2 is not considered since the record shows no exception by the plaintiff to the action of the court. There is nothing for us to review. American Rubber Corp. v. Jolley, 260 Ala. 600, 72 So.2d 102; Allison v. Owens, 248 Ala. 412, 27 So.2d 785.

■■ Assignment of error No. 3 is that, "The trial court erred in charging in its oral charge on wanton misconduct by the plaintiff."

Without discussing the merits of this contention, we dispose of this assignment of error by stating that the jury found for the appellant on the matter of wantonness. Had the jury found for the appellee on the matter of wantonness, they could have awarded the appellee damages. This would have been so regardless of whether the jury believed the appellee guilty of negligence since contributory negligence is no defense to wantonness. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511 [24]; Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215. We said in Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190, 192:

"It is settled by a long line of cases that on an appeal by the plaintiff from a judgment in his favor, we will not consider as revisable [reversible] error any ruling of the trial court bearing merely on the naked question of defendant's liability, and not affecting the amount of the damages recovered, however erroneous it may be in fact, because, if error, such ruling is error without injury to the plaintiff. [Citing cases.] * * *"

See Stephens v. Middlebrooks, 160 Ala. 283, 49 So. 321.

■ Even assuming that the court's charge on wantonness was incorrect, "A determination that an erroneous charge has been given does not carry with it an automatic reversal. It is only when the error complained of 'has probably injuriously affected the substantial rights of the parties' that we are authorized to reverse; and this is to be determined 'after an examination of the entire cause'." Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838, 840.

■ Assignment of error No. 4 is not sufficiently argued to apprise us of the manner in which it is contended the trial judge erred. Assignments of error not argued are treated as waived. Morgan County v. Hill, supra; Reese v. Mackentepe, 224 Ala. 372, 140 So. 550; Cobb v. Hand, 12 Ala.App. 461, 68 So. 541.

No reversible error has been shown and the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.