243 So.2d 28

James McCULLEY

v.

John STROUD d/b/a Bob's Dollar Store, et al.

1 Div. 628.

Supreme Court of Alabama.

Dec. 17, 1970.

516

Edward P. Turner, Jr., and Dennis Porter, Chatom, for appellee, Mildred Jordan.

Armbrecht, Jackson & DeMouy and Broox G. Holmes, Mobile, for appellee, John Stroud, d/b/a Bob's Dollar Store.

John L. Lawler, M. A. Marsal and Howell, Johnston, Langford & Finkbohner, Mobile, for appellant.

McCALL, Justice.

The plaintiff appeals from the trial court's judgment rendered against him.

The judgment granted the defendants' separate motions for a discontinuance of the cause on the ground that an amendment, filed to the complaint by the plaintiff, worked an entire change of party plaintiff. After consideration, the court ordered and adjudged that the cause be discontinued and dismissed. All costs of court were taxed against the plaintiff, for which execution was directed to issue. The case was submitted here on the foregoing action taken by the trial court, as well as on certain motions filed by the appellees in this court.

The appellee Stroud moves us to dismiss the appeal on the ground that the·

order appealed from is not such a final judgment as will support an appeal within the meaning of the statute, Tit. 7, § 754, Code of Alabama, 1940, which provides for appeals to the Supreme Court from final judgments. The judgment, entered by the trial court, discontinuing and dismissing the plaintiff's cause, taxing him with all the costs of court, and directing that execution issue against him, effectively put an end to the plaintiff's action. He could proceed no further with his case. This constituted not only an order of dismissal of the case, but also a final judgment against the plaintiff. In the case of Ex parte Hendree, 49 Ala. 360, this court held that when a cause is dismissed from the docket of a court, and a final judgment is rendered therein against one of the parties for the costs, then an appeal will lie from such judgment and mandamus is not an appropriate remedy. Davis v. McColloch, 191 Ala. 520, 522, 67 So. 701. See also Plunkett v. Dendy, 197 Ala. 262, 72 So. 525, wherein we likewise held that an appeal will lie from a trial court's order and judgment granting the defendant's motion for a discontinuance of the plaintiff's cause, taxing the plaintiff with the costs, and directing that execution issue. Appellee Stroud's motion to dismiss the appeal on the ground stated is therefore overruled.

Next, the appellee Stroud, moves the court to strike the transcript of the record and to dismiss the appeal, because the record fails to show that the circuit clerk approved the security for costs of appeal which was filed with him. In one manner, appeals may be shown by giving security for costs of the appeal to be approved by the clerk, Tit. 7, § 766(b), Code of Alabama, 1940.

In response to a petition filed by the appellant, this court granted a writ of special certiorari to perfect the record on appeal by requiring the circuit clerk to certify to this court the full or complete contents of the security for costs, filed with him in the cause. The purpose of the writ of special certiorari was to get into the record on appeal matter, which was proper to appear there, but which was not a part of the record that was filed in this court at the time when certified to by the clerk. Williams v. McConico, 25 Ala. 538.

■ Answering the writ, the circuit clerk certified that the written security for costs was approved by him on the same day that the bond was filed. There is no contradiction of his certified answer. Therefore, on authority of Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148, we hold that, on collateral attack and without more than presented here, we will give effect to the answer of the clerk as to what constitutes the record in the case. There is in the present case, as in Williams v. McConico, supra, no contest as to the facts which occurred with respect to the clerk's having approved the bond. Since the record, as perfected and certified to, shows that a valid bond was, in fact, tendered to the clerk and approved by him, when it was filed, jurisdiction of this court attached as of that date, Maya Corporation v. Smith, 239 Ala. 470, 196 So. 125. Appellee Stroud's motion, attacking the sufficiency of the appeal bond, is therefore overruled.

This is an action at law and under Tit. 7, § 769, Code of Alabama, 1940, and Supreme Court Rule 37, Revised Rules of Practice in the Supreme Court, as amended, Appendix to Tit. 7, Code of Alabama, 1940, the appellant is required to file the transcript of the record in the office of the Clerk of the Supreme Court within sixty days after the transcript of the evidence has been established in the trial court, but subject to an extension of time.

■ No objections have been filed to the transcript of the evidence in this case, and no extensions of time for filing the transcript of the record have been requested, either of the trial court, or here. The judgment appealed from in this case was entered on August 18, 1969. The appellant filed security for the costs of the appeal on January 19, 1970. This dates the appeal as having been taken on that date.

General Mutual Insurance Co. v. Ginn, 283 Ala. 470, 218 So.2d 680; Ridgeway v. Love-lady, 268 Ala. 503, 108 So.2d 459; Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893; Danley v. Danley, 263 Ala. 390, 82 So.2d 534; Lloyd's of London v. Fidelity Securities Corporation, 39 Ala.App. 596, 105 So.2d 728; Tit. 7, § 766(b), Code of Alabama, 1940. Meanwhile, at the appellant's request, the official court reporter had already prepared and filed the transcript of the evidence in the case with the circuit clerk, "early," on September 5, 1969. Subsequently, the court reporter certified on March 19, 1970, (the fifty-ninth day after the appeal had been taken on January 19, 1970) that she had refiled the transcript with the circuit clerk. The clerk marked the transcript "Filed 19th day March 1970 W. E. Miller Clerk 2:45 P.M." The transcript of the record was filed in the Supreme Court on May 13, 1970.

■ When no objections are filed to the transcript of the evidence, within the prescribed period of ten days after its filing with the clerk, it is conclusively presumed to be correct and becomes established as of the day when it was filed. Tit. 7, § 827 (1a), Recompiled Code of Alabama, 1958; Stevens v. Thompson, 279 Ala. 232, 184 So. 2d 140; Wanninger v. Lange, 268 Ala. 402, 405, 108 So.2d 331; Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864. Here, as already stated no objections were filed, so the transcript of the evidence became established when it became effectively filed with the clerk. The question is: When is the transcript of evidence to be treated as being effectively filed where it has been deposited in the clerk's office before the appeal is perfected?

If the transcript of the evidence was filed with the clerk of the circuit court and established more than sixty days before the transcript of the record was filed in this court, the appellees' motions are due to be granted, Wanninger v. Lange, supra; Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Relf v. State, 267 Ala. 3, 99 So.2d 216; West v. State, 39 Ala.App. 358, 101 So.2d 638, cert. den. 267 Ala. 700, 101 So.2d 640; Lane v. State, 38 Ala.App. 487, 87 So.2d 668; Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Aaron v. State, 39 Ala.App. 84, 94 So.2d 415; Burgess v. Exchange Leasing Corporation, 45 Ala.App. 374, 231 So.2d 151; otherwise, they are to be denied.

In Bates v. Rentz, 262 Ala. 681, 81 So.2d 349, the judgment was dated October 14, 1954, and the appeal was taken on January 15, 1955. The court reporter filed the transcript of the evidence "early" with his certificate that he had notified the attorneys of record of such filing on January 4, 1955. After the appeal was taken, there was no refiling of the transcript. Our examination of the record in the *Bates* case shows that it was filed in this court on February 9, 1955. Thus, the timeliness of the filing of the record was not involved there, because the transcript of the evidence, in any event, had been established by being filed with the clerk within sixty days before the record was filed here. The question in the *Bates* case was the validity of the "early" filing of the transcript of the evidence with the circuit clerk. On this point the court said:

"* * * The mere fact that the court reporter filed the transcript in the clerk's office eleven days before the appeal was taken, will not vitiate the appeal. It is not the purpose of the statute or the rule to penalize promptness on the part of the reporter or the appellant. The motions are without merit."

The court did not state the effective date of the filing of the transcript, but said that the filing was eleven days before the appeal was taken. We interpret this to mean that the filing occurred eleven days before it could have been effectively filed. No provision of law exists for a filing before an appeal is taken.

In Lloyd's of London v. Fidelity Securities Corporation, 39 Ala.App. 596, 105 So. 2d 728, judgment was entered on February 8, 1957, and security for costs, which dated the appeal, was not filed with the circuit clerk until August 2, 1957. The transcript

of evidence however, was filed by the court reporter (with notice to counsel thereof) on May 16, 1957, an "early" filing. On August 2, 1957, the circuit clerk endorsed this transcript "Refiled August 2nd 1957." The transcript of record was filed in the Court of Appeals on October 1, 1957. This was on the sixtieth day after the appeal was taken. In this case the court said:

"The appeal being August 2, 1957, the 'filing' or depositing of the transcribed testimony at an earlier date was a matter neither required nor regulated by statute or court rule, and, accordingly, should not begin the running of the period to get the record to the appellate court under revised Appellate Rule 37, Code 1940, Tit. 7 Appendix (263 Ala. xxi). We find no conflict with Bates v. Rentz, 262 Ala. 681, 81 So.2d 349. The motion is overruled."

In Martin v. House of Carpets, Inc., 41 Ala.App. 460, 135 So.2d 171, judgment was rendered in a law action on January 23, 1961. The appeal was taken June 6, 1961. The court reporter filed the transcript of the evidence with the circuit clerk on February 24, 1961, an "early" filing. While not shown in the opinion, the transcript of the record was filed in the Court of Appeals on August 1, 1961. This was on the fifty-sixth day from the day when the appeal was taken on June 6, 1961, but was more than five months from the "early" filing. There was no subsequent refiling of the transcript of the evidence after the appeal was taken. In this case the Court of Appeals said:

" * * * The time within which the record must be filed here did not begin to run with the early filing of the transcript of the evidence. Bates v. Rentz, 262 Ala. 681, 81 So.2d 349; Lloyd's of London v. Fidelity Securities Corporation, 39 Ala.App. 596, 105 So.2d 728. The motion is denied."

From these authorities, we conclude and reiterate that an "early" filing of the transcript of the evidence is (1) ineffectu-al to date the running of the period within which to file the transcript of the record in the appellate court, because such is a matter neither required or regulated by statute or court rule, and (2) such a filing will not vitiate an appeal, because it is not the purpose of the statute or the rule to penalize promptness on the part of the reporter or the appellant.

Without an extension of time, the court reporter's certified transcript of the evidence must be filed with the circuit clerk at any time within sixty days after the appeal is perfected. Tit. 7, §§ 827(1) & 827(4), Recompiled Code of 1958. Since the court reporter's filing of the transcript of the evidence with the clerk of the trial court is not contemplated by law except in the event of an appeal, an "early" filing should not accelerate the time already allowed by the statutes for filing the transcript of the evidence with the circuit clerk and deny the appellant this period of time in appealing his case, because in Bates v. Rentz, supra, we said it is not the purpose of the statute or the rule (Tit. 7, §§ 827(1) & 827(4) and former Supreme Court Rule 48, Appendix to Tit. 7, Code of Alabama, 1940) to penalize promptness on the part of the reporter or the appellant. It is further our opinion under the statutes, Tit. 7, §§ 827(1) & 827(4), that when the court reporter refiled the transcript of the evidence after the appeal was perfected, and the same became established, such dated the running of the sixty days within which to file the transcript of the record. Therefore when the transcript of the record was filed in this court on May 13, 1970, it was not more than sixty days from March 19, 1970, when the court reporter filed the transcript of the evidence. This latter filing was also within sixty days from perfecting the appeal on January 19, 1970. The appellees' motions are therefore overruled.

On the question of the appellant's right to amend the complaint to correct the Christian name · of the plaintiff-appellant

so as to allege his true Christian name as Horace, rather than James, as it appears in the complaint, we are of the opinion that the trial court erred in discontinuing the cause on the ground that the amendment worked an entire change of party plaintiff. The amendment should have been allowed and the motions overruled.

The last amended complaint undertakes to allege a cause of action, with a particular factual background, in a plaintiff father, who claims damages for the alleged wrongful death of his minor son. The complaint avers that James Bryant McCulley, who died on October 8, 1965, was the minor three year old son of the plaintiff in the case, and that the deceased died as a proximate result of the defendants' concurring negligence, while in a store operated by the defendant Stroud, and located on premises owned by the defendant Jordan.

The appellant's attorney made and filed an affidavit that he had prepared the complaint for Horace McCulley, but had inadvertently made an error in the Christian name of the plaintiff which should have read Horace McCulley, instead of James McCulley, and that Horace McCulley is the only plaintiff in the cause.

 In our opinion a consideration of the averments of the complaint, the testimony, and affidavit of the plaintiff's attorney, leads us to the conclusion that the right person is suing, to wit, the father of the deceased child, but that he is incorrectly named. These matters describe Horace Culley as the plaintiff in the case, and none other. Horace McCulley is the only person who possibly could be the plaintiff referred to in the complaint under the evidence and the affidavit. Neither the fact that there were two James D. McCulleys, living, when the action was filed, and one James Bryant McCulley, the deceased minor, then dead, nor the continuance of the action in the name of "James McCulley" for over two years is sufficient to overcome the inescapable conclusion that the attorney filing the action, brought it on behalf of Horace McCulley and not some person named "James McCulley" though he so named the plaintiff. It is well settled that in a proper case the appellate court should review the trial court on the sufficiency and correctness of its findings of fact. Fidelity Phenix Fire Insurance Co. of New York v. Raper, 242 Ala. 440, 6 So.2d 513; Shaw v. Knight, 212 Ala. 356, 102 So. 701; United States Fidelity & Guaranty Co. v. Yielding Brothers Co. Department Stores, 225 Ala. 307, 143 So. 176. Undisputedly, none of the persons having the Christian name James, which appears only in the caption of the complaint, has or claims any such cause of action as described in the complaint, or had authorized any such cause of action to be filed, or had consulted any of the attorneys representing the plaintiff on the subject of any such cause of action, while Horace had. None of the James McCulleys mentioned in the evidence, nor any person, other than Horace McCulley, fits the pattern of the plaintiff described. We conclude that this is an action brought, in fact, by the father of the deceased minor whose true Christian name is Horace, rather than one brought by some individual named James McCulley, even though three, or perhaps more, persons bearing the latter name had existed. Consequently, the proposed amendment does not in our opinion introduce a new party plaintiff, but corrects the Christian name of the person who had originally brought the action and relates back to this same original party plaintiff, by a different Christian name. Our holding conforms with the statute, permitting amendments, Tit. 7, § 239, Code of Alabama, 1940, as well as with the cases of Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Davis v. Griffin, 225 Ala. 184, 142 So. 543; Hill v. Burton, 30 Ala.App. 594, 10 So.2d 302; Crafts v. Sikes, 4 Gray 194, 64 Am.Dec. 62. The judgment of the trial court is therefore reversed and cause is remanded.

Reversed and remanded.

SIMPSON, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.