319 So.2d 253

**Margie W. WILKINSON**

v.

**Terry DUNCAN et al.**

**SC 1317.**

Supreme Court of Alabama.

Sept. 4, 1975.

Sterling G. Culpepper, Jr., Montgomery, for appellees.

Jackson & Sikes and Allen B. Edwards, Jr., Selma, for appellant.

BLOODWORTH, Justice.

Margie Wilkinson sought the probate of the alleged will of her deceased husband, Marvin Wilkinson. Mr. Wilkinson's children filed a contest of the will on the grounds of undue influence and lack of testamentary capacity. A jury rendered a verdict in favor of the contestants, the children, and judgment was entered thereon. The proponent, the widow Margie Wilkinson, appeals.

Although there are numerous assignments of error, only three are argued in appellant's brief. Those assignments of

error which are not argued are considered waived. Supreme Court Rule 9; *Lowery v. Stinson,* 291 Ala. 415, 417, 282 So.2d 244, 246 (1973).

Appellant first contends that the trial court committed reversible error in overruling appellant's objection to certain testimony offered by appellee's witness, Dr. Lee. The alleged error arose in the following context, viz:

"BY MR. THAGARD:

"Q Dr. Lee, when Mr. Azar questioned you about making a Will for the first wife?

"A Do you want to see it?

"Q I'll be happy to see it, sir. Yes, sir, you have several notations here, January or February of 1970, what do you have those notations for?

"A Well, on that day he wouldn't have been able to sing or make a Will.

"BY MR. AZAR: We object to that. That's not the date of the Will.

"BY THE COURT: Overruled."

■ The appellant's objection came too late because it was made after the question had been answered. *Madison Highlands Development Company v. Hall,* 283 Ala. 333, 216 So.2d 724 (1968). Even if it may be contended that the question did not call for inadmissible testimony but elicited an inadmissible answer, nevertheless, the appellant should have responded by making a motion to exclude the answer. *Willingham v. State,* 261 Ala. 454, 74 So.2d 241 (1954).

Appellant, nevertheless, strenuously contends that Dr. Lee's testimony invaded the province of the jury since the very issue of testamentary capacity is a question of fact reserved for determination by the jury.

■ The general rule, as stated in our cases, is that "a witness, whether expert or not, cannot testify that the testator was or was not *capable* of making a will, because, as it is said, this is the very issue to be

submitted to the jury." [Our emphasis.] *Councill v. Mayhew,* 172 Ala. 295, 306, 55 So. 314, 317 (1911).

■ However, in the instant case prior to the introduction of the challenged testimony by Dr. Lee, counsel for appellant had already elicited direct testimony from appellant's own witness, as follows: "Would you tell this jury whether or not in your opinion, Mr. Wilkinson had such legal *testamentary capacity* to be able to execute a will, a will on November 20, 1972 when he signed this will?" [Our emphasis.] The witness responded: "He did, and there is absolutely no question in my mind that's so."

The introduction of such illegal testimony by appellant's own witness opened the door to rebuttal by appellee through introduction of the evidence here in question, although the prior evidence had not been objected to. *Cunningham v. Lowery,* 45 Ala. App. 700, 236 So.2d 709 (1970).

■ Furthermore, the issue before the jury was whether the deceased had testamentary capacity on the date that the contested will was executed, November 20, 1972. The deceased's testamentary capacity on any other date was not the ultimate question to be decided by the jury.

■ Appellant's second assignment of error is that the court improperly allowed in evidence prejudicial testimony concerning the character of the appellant. This testimony arose during the examination of Mrs. Stinson, sister of the testator, viz:

"Q Did he [testator] say anything about having found his wife [proponent] with another man?

"A Yes, he said that the night before he found—

"BY MR. AZAR: We object to this, Your Honor. It's not even closely related to the time of the execution of the Will, and the statement made was not part of the res justa [sic], and

was not made contemporaneous with the execution of the Will, and we object.

"BY THE COURT: Overruled.

"BY MR. THAGARD: Well, the question was whether or not he told her anything about finding his wife with another man?

"BY MR. HARTLEY: And we object, there's no relevancy to this, it has nothing to do with this Will contest. That's not a statement showing the man's mental condition.

"BY THE COURT: I think that any conversation that this man had during his lifetime, is relevant to his mental condition.

"BY MR. THAGARD:

"A. He caught his wife with another man, and had beat hell out of him."

Reversible error is not made to appear herein. Even if we assume there was error in overruling the objection, it was harmless error. Supreme Court Rule 45.

 The jury had already been permitted to hear without objection that the appellant had been seeing another man and that she and the deceased had lived together before their marriage. Appellant herself testified that she had been going with the deceased for ten years prior to their marriage, a period during which both she and he were married to third parties. We find no substantial injury to the rights of the appellant in light of the record, viewed in its entirety and, therefore, no reversible error. *Bates v. Rentz,* 262 Ala. 681, 81 So.2d 349 (1955). Moreover, "Where [as here] a will is contested on the ground of undue influence, evidence as to the nature and relation and dealings between testator and beneficiaries is admissible." *Whitt v. Forbes,* 258 Ala. 580, 64 So.2d 77 (1953).

In her third assignment of error, appellant contends that appellees were allowed to resort to an indirect means of introducing illegal evidence of testamentary capacity. Appellant argues that "[b]y allowing the [hypothetical] question posed to the witness to include the fact that Marvin G. Wilkinson executed a will on November 20, 1972, and then asking the witness his opinion of the mental condition of Marvin G. Wilkinson, Appellees were allowed to indirectly place before the jury testimony which the law would not allow them to do directly." The allegedly improper testimony elicited by this hypothetical was:

"A Of course, it's very difficult and hazardous to know what an individual's mental condition is at any given time because things can change and something as variable as that can change quite quickly. But, based on all that we have said and my records, there was no question in my mind that he had progressive mental and emotional deterioration during this period of time. Just as one illustration besides everything else mentioned, he had divorced his wife, married a second woman whom I knew very well. This marriage lasted only a month or two."

\* \* \* \* \* \*

"And then married for the third time, all indicating a very severe state of emotional instability. And I would believe that on the basis of all of this that we could probably say that there is a real question as to his mental competence, mental ability at the date you mentioned. But, of course, no one can give you a definite opinion."

 Had the above statement spoken to the testamentary capacity of the deceased on November 20, 1972, appellant might well contend that it constituted illegal testimony. Moreover, we have already pointed out the rule is that illegal evidence may be introduced to rebut illegal evidence already submitted by the other party. In this case, it was appellant who first introduced illegal evidence of testamentary capacity on November 20, 1972.

**514**

*Miller v. Whittington,* 202 Ala. 406, 80 So. 499 (1918), holds that a witness, who has had adequate opportunity to make a reasonable judgment as to the testator's mental condition, may testify concerning the testator's *mental condition* on the date of the will. The testimony in question did not exceed this permissible range of comment.

Having found that no improper answer was given in response to the hypothetical to which appellant assigns error, we need not be concerned with the form of the question. As we stated in *Fowler v. Fowler,* 292 Ala. 340, 342, 294 So.2d 156, 158 (1974), "a verdict cannot be reversed because of improper questions propounded to a witness unless, it response to such questions, improper evidence is elicited and admitted."

Finding no reversible error in the assignments of error argued, the judgment of the trial court is due to be affirmed.

Affirmed.

FAULKNER, ALMON and EMBRY, JJ., concur.

HEFLIN, C. J., concurs in the result.